**James RAMOS, Petitioner,**

v.

**DEPARTMENT OF JUSTICE,
Respondent.**

No. 04–3186.

United States Court of Appeals,
Federal Circuit.

May 18, 2005.

*ORDER*

Mr. Ramos began his federal civilian service in March 1998 as a Border Patrol Agent. He later responded to a vacancy announcement for a Deportation Officer position with the Immigration and Naturalization Service ("agency") (then a part of the Department of Justice, its functions now performed in the Department of Homeland Security). He was appointed to the Deportation Officer position effective March 11, 2001, and the SF–50 form documenting his appointment specifies that his tenure was career-conditional and subject to a one-year probationary period.

Before the one-year probationary period expired, the agency removed Mr. Ramos. Mr. Ramos appealed to the Board. The administrative judge ("AJ") assigned to his case dismissed his appeal on the ground that as a probationary employee he lacked appeal rights under 5 U.S.C. § 7511(a)(1)(A). The full Board granted Mr. Ramos's petition for review, reopened the case, modified the AJ's initial decision, and dismissed the appeal for lack of jurisdiction. *Ramos v. Dep't of Justice,* 94 M.S.P.R. 623 (2003).

The Board reasoned that by signing a Probationary Period Agreement, which stated that "rights ... for adverse and disciplinary actions will be processed in accordance with ... the code of Federal Regulations Part 315—Career and Career–Conditional Employment," Mr. Ramos waived any rights to appeal from adverse actions taken during the one-year probationary period. In essence, the Board held that Mr. Ramos had signed a contract that intentionally waived whatever appeal rights he otherwise may have had.

On the contract waiver ground, the Board distinguished *McCormick v. Department of the Air Force,* 307 F.3d 1339 (Fed. Cir.2002). *McCormick* held that even though a person serves in a probationary position, that person still has Board appeal rights under section 7511(a)(1)(A)(ii) if the person also has completed one year of current continuous service under other than a temporary appointment limited to one year or less. *See id.* at 1342–43. The Board recognized that Mr. Ramos satisfies the requirements of section 7511(a)(1)(A)(ii), but reasoned that he had waived those rights by signing the Probationary Period Agreement. Consequently, the Board dismissed Mr. Ramos's appeal.

Mr. Ramos timely sought review in this court. We must overturn any final decision of the Board that misapplies the law. *See* 5 U.S.C. § 7703(c). Mr. Ramos argues that the Board erred as a matter of law in dismissing his appeal because he must be deemed an employee entitled to Board appeal rights under *McCormick.* The government on appeal flatly rejects the contract waiver theory of the Board, and instead confesses error on behalf of the Board. The government concedes that Mr. Ramos, under the holding of *McCormick,* qualifies as an employee with "the full panoply of rights afforded to tenured employees." Additionally, the government concedes that Mr. Ramos did not make a knowing, intentional waiver of those rights

when he signed the Probationary Period Agreement.

We agree with the government that the Board erred as a matter of law in failing to apply *McCormick* to the facts of this case. Mr. Ramos has established that the Board has jurisdiction over the appeal of his removal. In this court, Mr. Ramos asks that we not only reverse the holding of no jurisdiction, but also rescind the agency's removal action, awarding him back pay, interest, benefits, and attorney's fees.

We reject Mr. Ramos's request for rulings on the merits and remedies for his removal. Those issues will be the subject of further proceedings before the Board on remand. Our holding is limited to reversal of the Board's final decision that it lacked jurisdiction to hear the appeal.

Accordingly,

IT IS ORDERED THAT:

(1) The final decision of the Board dismissing Mr. Ramos's appeal is reversed, and the case is remanded to the Board for further proceedings.

(2) Oral argument scheduled to be held on June 10, 2005, is hereby cancelled.

(3) Costs to Mr. Ramos.