# United States Court of Appeals for the Federal Circuit

2008-3093


JAMES RAMOS, JR.,

Petitioner,

v.


DEPARTMENT OF JUSTICE,

Respondent.

Kristin D. Alden, Kraft Eisenmann Alden, PLLC, of Washington, DC, argued for petitioner.

Scott D. Austin, Senior Trial Attorney, Commercial Litigation Branch, Civil Division, United States Department of Justice, of Washington, DC, argued for respondent. On the brief were Gregory G. Katsas, Assistant Attorney General, Jeanne E. Davidson, Director, Martin F. Hockey, Jr., Assistant Director, and Hillary A. Stern, Senior Trial Counsel.

Appealed from: Merit Systems Protection Board

# United States Court of Appeals for the Federal Circuit

2008-3093

JAMES RAMOS, JR.,

Petitioner,

v.

DEPARTMENT OF JUSTICE,

Respondent.

Petition for review of the Merit Systems Protection Board
in SF315H010499-A-1.

_____

DECIDED:  January 12, 2009

_____

Before BRYSON, DYK, and PROST, <u>Circuit Judges</u>.

BRYSON, <u>Circuit Judge</u>.

James Ramos, Jr., petitions for review of a decision of the Merit Systems Protection Board denying his request for attorney fees associated with an earlier, interim appeal to this court.  He bases his claim for attorney fees on the Back Pay Act, 5 U.S.C. § 5596(b)(1)(A)(ii).  The government opposes Mr. Ramos's appeal.  Relying on our decision in <u>Phillips v. General Services Administration</u>, 924 F.2d 1577 (Fed. Cir. 1991), the government contends that the Board had no authority to grant attorney fees for work performed in proceedings before this court.  We agree with the government that <u>Phillips</u> is binding on us, and we therefore affirm the Board's decision holding that it did not have authority to grant the fee petition for work done before this court.  However,

because it is clear that Congress wanted a party in Mr. Ramos's position to have an opportunity to apply for fees not only before the agency but also on judicial appeal, we provide a mechanism by which Mr. Ramos can now apply to this court for attorney fees that are authorized by the Back Pay Act.

I

Mr. Ramos began his federal civilian service in March 1998 as a Border Patrol Agent with the Immigration and Naturalization Service. He later responded to a vacancy announcement for a Deportation Officer position with the agency and was appointed to that position in 2001. The form documenting his appointment specified that his tenure was career-conditional and subject to a one-year probationary period. Before the one-year probationary period had expired, the agency removed Mr. Ramos. He promptly appealed to the Board. The Board dismissed his appeal for lack of jurisdiction, reasoning that by signing a Probationary Period Agreement, Mr. Ramos had waived whatever appeal rights he otherwise may have had. Mr. Ramos appealed to this court, arguing that the Board erred as a matter of law in dismissing his appeal because he should have been deemed an employee entitled to Board appeal rights under this court's decision in McCormick v. Department of the Air Force, 307 F.3d 1339 (Fed. Cir. 2002). In response to the appeal, the government confessed error, conceding that, under the holding of McCormick, Mr. Ramos qualified as an employee with "the full panoply of rights afforded to tenured employees." Ramos v. Dep't of Justice, 240 Fed. Appx. 409 (Fed. Cir. 2005).

We agreed with the government that the Board had erred as a matter of law in failing to apply <u>McCormick</u> to Mr. Ramos's case and that the Board had jurisdiction over Mr. Ramos's appeal. While Mr. Ramos asked this court not only to reverse the Board's jurisdictional dismissal but also to rescind the agency's removal action and award him back pay, interest, benefits, and attorney fees, we declined to do so. We held:

> We reject Mr. Ramos's request for rulings on the merits and remedies for his removal. Those issues will be the subject of further proceedings before the Board on remand. Our holding is limited to reversal of the Board's final decision that it lacked jurisdiction to hear the appeal.

<u>Ramos v. Dep't of Justice</u>, 240 Fed. Appx. at 410.

On remand, the administrative judge assigned to the case ordered Mr. Ramos reinstated, retroactive to the effective date of his removal. That decision was affirmed by the full Board. Mr. Ramos then filed a motion with the Board requesting attorney fees for the entire appeal process that had ultimately led to his being reinstated. When determining whether the "in the interest of justice" standard was met, and thus whether awarding attorney fees under the Back Pay Act would be warranted, the administrative judge stated, "I find that the agency committed gross procedural error in terminating the appellant without affording him the procedural protections of a tenured federal employee." The administrative judge then concluded that "attorney fees are warranted in the interest of justice" and entered an order granting fees for the legal work performed before the Board. With respect to the attorneys' work before this court during the interim appeal, however, the administrative judge concluded that "the appellant's request for attorney fees for work his attorneys performed before the court must be directed to the court." That conclusion was based on this court's statement in <u>Phillips v. General Services Administration</u> that "a request for attorney fees under the Back Pay

Act for services rendered in judicial proceedings must, as in the case of an [Equal Access to Justice Act] request, be directed to this court." 924 F.2d 1577, 1581 (Fed. Cir. 1991).

Mr. Ramos believed that he was barred from filing a motion requesting attorney fees from this court by this court's Rule 47.7, which states, in pertinent part:

> An application for an award of attorney fees and expenses must be served and filed within the time prescribed by the statute authorizing the award. If the statute does not prescribe a time, the application must be made within 30 days after entry of the judgment or order denying rehearing, whichever is later.

Fed. Cir. Rule 47.7(a)(2) (emphasis added). The default venue for obtaining relief from the government, the Court of Federal Claims, has been closed to parties in Mr. Ramos's situation since Congress passed the Civil Service Reform Act of 1978. See United States v. Fausto, 484 U.S. 439, 455 (1988). Mr. Ramos therefore appealed the Board's order denying him attorney fees for work performed during his interim appeal to this court, arguing that the Back Pay Act and its implementing regulation grant the Board the authority to award such fees.

II

Mr. Ramos argues that the Board should have entered an award for the attorney fees attributable to the interim appeal to this court. Relying on Phillips, the government responds that the Board is not authorized under the Back Pay Act to enter an award for work done in this court. We agree that this court's analysis in Phillips prohibits the Board from making such an award and that the Board was therefore correct to hold that it lacked authority to grant fees for the work done before this court on the interim appeal in Mr. Ramos's case.

Mr. Ramos contends that <u>Phillips</u> is distinguishable and therefore not controlling here, because in <u>Phillips</u> this court was the authority that directed the correction of an unlawful personnel action, whereas in this case this court merely remanded to the Board, which then became the authority that directed the corrective action. Mr. Ramos proposes that <u>Phillips</u> be interpreted as limited to cases in which this court directs the correction of the unlawful personnel action, and that in cases in which this court's action constitutes merely an interim appeal, as in this case, the Board should not be barred from entering a fee award for work done in this court in the course of the interim appeal.

While Mr. Ramos is correct in describing the factual difference between this case and <u>Phillips</u>, that difference does not justify a difference in outcome. The problem is that according weight to the distinction Mr. Ramos proposes would be inconsistent with the analysis in <u>Phillips</u> itself and in earlier decisions of this court. In <u>Phillips</u>, this court characterized the issue before it broadly, as presenting "the question of whether the board may award attorney fees under the Back Pay Act for services provided during judicial review of a case." 924 F.2d at 1580. The court concluded that the board may not award fees under the Back Pay Act; it did not limit its ruling to cases in which the court directed the correction of the unlawful personnel action.

Moreover, the rationale underlying the decision in <u>Phillips</u> is broader than Mr. Ramos suggests. First, the court in <u>Phillips</u> relied on a prior opinion, <u>Olsen v. Department of Commerce</u>, 735 F.2d 558, 562-63 (Fed. Cir. 1984), for the proposition that this court has authority to grant attorney fees under the Back Pay Act. <u>Phillips</u>, 924 F.2d at 1580-81. The <u>Phillips</u> court also relied on our prior <u>en banc</u> decision in <u>Gavette v. Office of Personnel Management</u>, 808 F.2d 1456 (Fed. Cir. 1986) (<u>en banc</u>), as a

source for the general principles that (1) the Federal Circuit is in the best position to determine the proper amount of fees for work before this court, and (2) this court's rules contemplate that "when attorney fees and expenses are authorized in connection with an appeal, the amount of the award for such fees and expenses shall be determined by this court." Phillips, 924 F.2d at 1581. Both considerations are as applicable to attorney fee requests under the Back Pay Act as Gavette found them to be under the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2414.

Finally, the Phillips court rested its conclusion—that attorney fee requests for work completed before this court must be directed to this court under the Back Pay Act—on the recognition that an unfortunate result would follow from a contrary rule; that is, a "bifurcated process" would be created, by which fee requests under EAJA would come to this court, while fee requests for the same work under the Back Pay Act would go to the Board. Phillips, 924 F.2d at 1581. There is little doubt that Congress intended to avoid a bifurcated process for fee applications and instead intended for fee applications under the fee-shifting statutes to be handled in a streamlined, simple manner. As the Supreme Court has noted, "[a] request for attorney's fees should not result in a second major litigation." Comm'r, INS v. Jean, 496 U.S. 154, 163 (1990). Instead, the fee-shifting statutes "favor[] treating a case as an inclusive whole." Id. at 161-62.

As the Phillips court noted, after this court's en banc decision in Gavette a prevailing party-employee may seek attorney fees for work before this court under both the Back Pay Act and EAJA. Phillips, 924 F.2d at 1581. Gavette also mandated that the prevailing party-employee direct any EAJA requests for work on appeal to this court.

<u>Gavette</u>, 808 F.2d at 1468; <u>see</u> <u>Phillips</u>, 924 F.2d at 1581. Thus, if we were to permit the Board to grant attorney fees under the Back Pay Act, a prevailing party-employee could direct a Back Pay Act request to the Board and an EAJA request to this court, both for the same work. The <u>Phillips</u> court concluded that it is "most unlikely" that Congress intended such a bifurcated filing process, and that, accordingly, "a request for attorney fees under the Back Pay Act for services rendered in judicial proceedings must, as in the case of an EAJA request, be directed to this court." 524 F.2d at 1581.

Of course, based on our decision in <u>Gavette</u>, bifurcated attorney fee requests are permitted in the sense that a Back Pay Act request for work before the Board may be directed to the Board while an EAJA request for work on appeal will be directed to this court in the same case. In fact, that is exactly the outcome in <u>Gavette</u> itself, and since then has regularly resulted in separate attorney fee requests being directed to the several tribunals that became involved in adjudicating a claim. <u>See, e.g.</u>, <u>Doty v. United States</u>, 71 F.3d 384, 387 (Fed. Cir. 1995) ("Doty filed an itemized and documented request for . . . attorney fees and expenses for the appeal to this court, stating that he has filed a petition for the balance of his fees and expenses with the Court of Federal Claims."). Critically, however, the separate attorney fee requests are not related to the same underlying work by the party's attorneys. The problem of bifurcated attorney fee proceedings for the same work is not peculiar to cases in which an attorney fee application is based on this court's having directed the correction of unlawful action, as in <u>Phillips</u>. It is also created when this court's involvement occurs during an interim appeal, as here. The rationale of <u>Phillips</u> therefore applies to a case such as this one, just as it did to <u>Phillips</u> itself.

III

If we were writing on a blank slate, it might make sense for attorney fee applications for work done on appeal from Board decisions to be authorized only by the Back Pay Act (and not also by EAJA) and to be filed in the first instance before the Board. For example, the Supreme Court in Perkins v. Standard Oil Co., 399 U.S. 222 (1970), held that under the Clayton Act district courts can award fees for both trial and appellate work. Under such a regime, the Board would address all fee applications for employee proceedings, including both the portion of the proceedings before the Board and the portion of the proceedings, if any, on interim or final appeal before this court. We do not, however, write on a blank slate, and to follow that course we would have to overrule not only Phillips, but also a number of other prior decisions of this court, including Gavette, a decision of the en banc court. See, e.g., Covington v. Dep't of Health & Human Servs., 818 F.2d 838 (Fed. Cir. 1987); Brewer v. Am. Battle Monuments Comm'n, 814 F.2d 1564 (Fed. Cir. 1987); Gavette v. Office of Pers. Mgmt., 808 F.2d 1456 (Fed. Cir. 1986) (en banc); Austin v. Dep't of Commerce, 742 F.2d 1417 (Fed. Cir. 1984); Olsen v. Dep't of Commerce, 735 F.2d 558 (Fed. Cir. 1984). Such a course might recommend itself if the result of continuing to follow the above-cited line of this court's cases were to deprive a litigant of the right to request fees that Congress clearly intended that the litigant be entitled to seek. In fact, however, the dispute in this case does not affect whether an attorney fee award can be sought and obtained, but only which entity—the Board or the court—will decide the litigant's entitlement to the fee.

Mr. Ramos raises one concern, however, that is presented by applying our prior decisions in the factual setting of this case. He points out that under the rules of this court, he might be deemed to be foreclosed from seeking fees from this court in an action such as this one. The problem is this: Rule 47.7 of the Federal Circuit Rules provides that an application for an award of attorney fees and expenses must be served and filed within the period of time prescribed by the statute authorizing the award, and if there is no such time limit, within 30 days after entry of the judgment or order denying rehearing. Fed. Cir. R. 47.7(a)(2). In contrast to EAJA,[1] under the Back Pay Act there can be no entitlement for fees based on an interim court decision remanding the matter to the agency. Under the Back Pay Act, the possible entitlement for fees arises only after a "correction of the personnel action." 5 U.S.C. § 5596(b)(1)(A). A fee application thus cannot be made within 30 days of the court of appeals' judgment if the court has remanded to the agency. Under these circumstances, we construe Rule 47.7 of the rules of this court as requiring an application for fees to this court within 30 days after the Board decision creating the possible fee entitlement. In this case, that 30-day window has long passed. However, we think that given the uncertainty as to the proper venue for seeking appellate fees before today's decision (and the fact that Mr. Ramos timely filed a fee application with the Board), it is appropriate to waive the requirement of Rule 47.7 in this case and permit Mr. Ramos 20 days to pursue a fee application before this court.

---

[1] See Gurley v. Peake, 528 F.3d 1322, 1326-27 (Fed. Cir. 2008); Kelly v. Nicholson, 463 F.3d 1349, 1353 (Fed. Cir. 2006); Former Employees of Motorola Ceramic Prods. v. United States, 336 F.3d 1360, 1366 (Fed. Cir. 2003).

Mr. Ramos urges us to grant the fee award based on the application that was filed with the Board. The government responds that the application, among other things, requests an unreasonably large fee. The parties' debate over the amount of the fee request, however, is limited to an exchange in the last few pages of each party's brief. That exchange is far too cryptic to enable us to make an intelligent assessment of the reasonableness of the fee request. Accordingly, we believe the appropriate course is not to treat the application that was filed with the Board as if it were a separate application for fees on appeal filed with us, but instead to direct the appellant to file a separate application for fees in this court. In that application, Mr. Ramos can set forth his justification for the fee request. If it chooses, the government can then set forth in full its grounds for opposing the fee request or seeking a modification of the amount requested, and Mr. Ramos will have an opportunity to respond to the points raised in the government's opposition. If Mr. Ramos chooses to pursue fees for the work involved in obtaining a fee award, including work related to this appeal, he should include such a request in his application.

Accordingly, Mr. Ramos is granted 20 days within which to submit an attorney fee request under the Back Pay Act for work related to our decision in <u>Ramos v. Department of Justice</u>, 240 Fed. Appx. 409 (Fed. Cir. 2005), as well as work involved in obtaining a fee award. The time limitation of Fed. Cir. R. 47.7 is waived for purposes of this case.

Each party shall bear its own costs for this appeal.

<u>AFFIRMED</u>.