# United States Court of Appeals for the Federal Circuit

---

**THOMAS O. WARD,**
*Petitioner,*

v.

**UNITED STATES POSTAL SERVICE,**
*Respondent.*

---

2010-3021

---

Petition for review of the Merit Systems Protection Board in case no. PH0752090126-I-1.

---

ON APPLICATION FOR ATTORNEY FEES

---

MATTHEW J. DOWD, Wiley Rein LLP, of Washington, DC, filed an application for attorney fees for petitioner. With him on the application were ROBERT J. SCHEFFEL; of counsel was JOSEPH J. CHESTER, Caplan & Chester, of Pittsburgh, Pennsylvania.

SHARI A. ROSE, Trial Attorney, Commercial Litigation Branch, Civil Division, United States Department of Justice, of Washington, DC, filed a response to the application for respondent. With her on the opposition were TONY WEST, Assistant Attorney General, JEANNE E. DAVIDSON, Director, and DEBORAH A. BYNUM, Assistant

Director.  Of counsel was MICHAEL J. ELSTON, Appellate Counsel, Office of the General Counsel, United States Postal Service, of Washington, DC.

———————————

Before RADER, *Chief Judge*, DYK and PROST, *Circuit Judges*.

PER CURIAM.  Concurring opinion filed by *Circuit Judge* PROST, in which *Chief Judge* RADER joins.  Opinion concurring in the judgment filed by *Circuit Judge* DYK.

**O R D E R**

Thomas O. Ward applies for an award of attorney's fees and expenses under the Equal Access to Justice Act, 28 U.S.C. § 2412.  Because Mr. Ward qualifies as a "prevailing party," we grant his request.

I

On August 19, 2008, Mr. Ward, a maintenance mechanic for the U.S. Postal Service ("Agency"), was involved in an incident with a supervisor in which he shouted, acted in a manner perceived as threatening, and disobeyed instructions to remain in the supervisor's office.  After this incident, the Agency asserted an "Improper Conduct" charge against Mr. Ward and issued a Notice of Proposed Removal letter.  The letter referenced no other misconduct aside from that associated with the August 19, 2008 event.

A deciding official subsequently issued a final decision letter removing Mr. Ward from his position as a maintenance mechanic.  Mr. Ward appealed from this decision to the Merit Systems Protection Board ("Board").  At a hearing before the administrative judge, it became clear

for the first time that the deciding official, in issuing his removal penalty, relied on other instances of misconduct by Mr. Ward not associated with the August 19, 2008 incident. In particular, the deciding official testified that he had ex parte communications with three of Mr. Ward's supervisors and one manager, learning from those communications that Mr. Ward had previously exhibited "loud, belligerent, [and] intimidating behavior." Moreover, the deciding official represented that he considered these past instances of misconduct in his *Douglas* factor analysis and that these past actions influenced his decision to remove Mr. Ward.[1]

While the Board found error in the deciding official's consideration of the past instances of misconduct, it ultimately sustained the removal penalty. In particular, the Board performed an independent *Douglas* factor analysis in its final decision without considering the past misconduct, concluding that the removal penalty was still reasonable. Mr. Ward appealed the Board's final decision to this court, arguing that because the Notice of Proposed Removal letter only addressed the August 19, 2008 incident, he was not provided an opportunity to rebut the other misconduct allegations.

On appeal, this court vacated, concluding that the Board committed two errors. "First, the Board erred in failing to address the due process concerns arising out of the Deciding Official's ex parte communications regarding Ward's alleged prior instances of misconduct, which . . . played a role in [the] penalty determination." *Ward v. U.S. Postal Serv.*, 634 F.3d 1274, 1279 (Fed. Cir. 2011).

---

[1] The *Douglas* factors, which apply in adverse action cases, focus the decision maker on the relevant facts when deciding the penalty. *See Douglas v. Veterans Admin.*, 5 M.S.P.B. 313 (1981).

Specifically, the Board was required to "analyze the Deciding Official's ex parte communications under the *Stone* framework to determine whether Ward's due process rights were violated" but failed to do so. *Id.* Therefore, we remanded the case to the Board for that purpose, stating that "[i]f the Board finds that the [ex parte] communications did introduce new and material information in violation of Ward's due process rights, Ward must be afforded a 'constitutionally correct removal procedure.'" *Id.* at 1280.

The Board committed its second error when it attempted to cure an underlying Agency procedural error (i.e., an error committed by the U.S. Postal Service). Specifically, the Agency initially erred by improperly considering Ward's alleged past instances of misconduct without referencing those incidents in the Notice of Proposed Removal. *Id.* at 1281. "Despite recognizing this procedural error, the Board erred in concluding that it could 'remedy the error' by performing an independent analysis of the *Douglas* factors to determine whether the 'removal [was] within the bounds of reasonableness.'" *Id.* "Instead, the Board was required to run a harmless error analysis to determine whether the procedural error required reversal." *Id.* On remand we instructed the Board to analyze whether the Agency's procedural error was harmful, but only if the Board first found that the deciding official's reliance on the ex parte communications caused a due process violation. *Id.* at 1282-83.

After our remand, the Board remanded the case to the administrative judge for further factual findings. The proceedings were subsequently suspended because the parties entered into settlement discussions.[2] Mr. Ward

---

[2]     Mr. Ward ultimately settled his case.

now seeks attorney's fees under 28 U.S.C. § 2412(d) for the expenses incurred solely in relation to his prior appeal before this court. He properly filed his application here in the first instance. Fed. Cir. R. 47.7; *see also Ramos v. Dep't of Justice*, 552 F.3d 1356 (Fed. Cir. 2009).

## II

Under our legal system, parties ordinarily bear their own attorney's fees (i.e., the prevailing party is not automatically entitled to collect from the loser). *Buckhannon Bd. & Care Home, Inc. v. W. Va. Dep't of Health & Human Res.*, 532 U.S. 598, 602 (2001). Congress, however, has statutorily authorized an award of attorney's fees to a prevailing party in some instances. For example, in the Equal Access to Justice Act ("EAJA"), Congress authorized prevailing parties to collect fees in actions against the United States provided that certain requirements are met. 28 U.S.C. § 2412(d)(1)(A).

Specifically, § 2412(d) states:

[e]xcept as otherwise specifically provided by statute, a court shall award to a prevailing party other than the United States fees and other expenses, in addition to any costs awarded pursuant to subsection (a), incurred by that party in any civil action (other than cases sounding in tort), including proceedings for judicial review of agency action, brought by or against the United States in any court having jurisdiction of that action, unless the court finds that the position of the United States was substantially justified or that special circumstances make an award unjust.

28 U.S.C. § 2412(d)(1)(A). Thus, fees can only be awarded to "prevailing part[ies]" under EAJA if the government's position in the case was not "substantially justified," if no "special circumstances make an award unjust," and if the party seeking the award timely files its application for fees to the court. *Comm'r, INS v. Jean*, 496 U.S. 154, 158 (1990). Only the "prevailing party" element is at issue in this appeal, as the government does not dispute Mr. Ward's contention that the other elements are met. In his application for attorney's fees, Mr. Ward asserts that he is a "prevailing party" under EAJA based on the remand he obtained from this court to the Merit Systems Protection Board. Whether Mr. Ward qualifies as a "prevailing party" under EAJA is a question of law. *See Former Emps. of Motorola Ceramic Prods. v. United States*, 336 F.3d 1360, 1363 (Fed. Cir. 2003) (Rader, J., dissenting).

The Supreme Court provided guidance on the meaning of the "prevailing party" term in *Buckhannon*. 532 U.S. at 598. In particular, the Court explained that "'[r]espect for ordinary language requires that a plaintiff receive at least some relief on the merits of his claim before he can be said to prevail.'" *Id.* at 603 (quoting *Hewitt v. Helms*, 482 U.S. 755, 760 (1987)). According to the Court, the extent of this relief must rise to the level of "enforceable judgments on the merits and court-ordered consent decrees creat[ing] [a] 'material alteration of the legal relationship of the parties.'" *Id.* at 604. Under this rule, neither "an interlocutory ruling that reverses a dismissal for failure to state a claim" nor a "reversal of a directed verdict" qualifies a plaintiff for prevailing party status. *Id.* at 605.

In reaching the conclusion that it did, *Buckhannon* explicitly overruled what had become known as the "catalyst theory." *Id.* at 610. Under this theory, parties "could

obtain a fee award if their suit acted as a 'catalyst' for the change they sought, even if they did not obtain a judgment or consent decree" in their favor. *Id.* at 625-26 (Ginsburg, J., dissenting). Federal courts had been applying the catalyst theory to hold that a party could qualify as "prevailing" so long as its ends were accomplished because of the litigation. The rule created by the majority in *Buckhannon* dismantled the catalyst theory by requiring enforceable judgments on the merits or court-ordered consent decrees.

Notably, EAJA was not specifically at issue in *Buckhannon*, as that case involved the "prevailing party" term from a different attorney's fees statute. This court has concluded, however, that *Buckhannon* applies with equal force in the EAJA context. *Brickwood Contractors, Inc. v. United States*, 288 F.3d 1371, 1379 (Fed. Cir. 2002); *see also Former Employees*, 336 F.3d at 1364 (explaining that the Supreme Court "has interpreted the phrase 'prevailing party' consistently in all federal fee-shifting statutes.").

Under *Buckhannon*, a remand contained entirely within the federal judicial system (e.g., a remand from a federal appellate court to a district court) "at least in most circumstances, does not constitute relief on the merits for the purposes of the fee-shifting statutes." *Former Employees*, 336 F.3d at 1364. As mentioned above, however, this appeal presents a different type of remand: a remand from a federal court to an agency.

We addressed whether an agency remand can result in prevailing party status under EAJA in *Former Employees*, 336 F.3d at 1360. In that case, two employees who had been dismissed from their jobs applied to the Department of Labor ("DOL") for benefits. *Id.* at 1362. The

DOL denied these applications, and the employees subsequently appealed to the Court of International Trade. *Id.* Finding error in the DOL's determination, the Court of International Trade remanded the case back to the DOL for reconsideration. *Id.* Notably, the Court of International Trade retained jurisdiction over the matter during remand. *Id.* The employees eventually obtained the benefits they sought, after which they applied for attorney's fees under EAJA. *Id.* at 1363.

In analyzing whether the remand to the DOL constituted relief on the merits, we distinguished remands to administrative agencies from remands contained entirely within the federal court system. *Id.* at 1364-65. We relied on two Supreme Court cases in doing so: *Sullivan v. Hudson*, 490 U.S. 877 (1989), and *Shalala v. Schaefer*, 509 U.S. 292 (1993).

In summarizing *Hudson*, we explained that

> a district court ordered a remand to the Secretary of Health and Human Services for reconsideration of a Social Security benefits claim, and retained jurisdiction. On remand the claimant was successful in obtaining benefits. The Supreme Court held that that claimant was a prevailing party because it succeeded before the agency after the remand. The Court explained that because there would be no final judgment until the case was decided on remand "for purposes of EAJA," the claimant's status as "prevailing party" was "dependent on the successful completion of the remand proceedings before the Secretary. Moreover, the remanding court continues to retain jurisdiction over the action within the meaning of EAJA and may exercise that jurisdiction to

determine if its legal instructions on remand have been followed by the Secretary." The Court therefore held that "where administrative proceedings are intimately tied to the resolution of judicial action and necessary to the attainment of the results Congress sought to promote by providing for fees, they should be considered part and parcel of the action for which fees may be awarded."

*Former Employees*, 336 F.3d at 1365-66 (quoting *Hudson*, 490 U.S. at 877-88 (internal citations omitted)).

In summarizing *Schaefer*, we explained that the case involved the question of

when a "final judgment" had been entered for the purposes of starting EAJA's 30-day time period for filing an attorneys' fees application. The district court had remanded the case for reconsideration by the Secretary of Health and Human Services but had not retained jurisdiction. When the district court retains jurisdiction, the Supreme Court held, the time period begins after the district court dismisses. When it does not retain jurisdiction, the time period begins to run with the remand order itself. The Court emphasized that when a district court "revers[es] the Secretary's denial of benefits" and remands without retaining jurisdiction, the claimant is a "prevailing party" for the purposes of EAJA because "the plaintiff has succeeded on a[ ] significant issue in litigation which achieved some of the benefit sought in bringing suit."

*Former Employees*, 336 F.3d at 1366 (quoting *Schaefer*, 509 U.S. at 298-99, 302 (1993) (internal citations omitted)).

Relying on *Hudson* and *Schaefer*, we formulated the following rule in *Former Employees*:

> where the plaintiff secures a remand requiring further agency proceedings because of alleged error by the agency, the plaintiff qualifies as a prevailing party (1) without regard to the outcome of the agency proceedings where there has been no retention of jurisdiction by the court, or (2) when successful in the remand proceedings where there has been a retention of jurisdiction.

*Former Employees*, 336 F.3d at 1366. As explained above, the plaintiffs in *Former Employees* were successful on remand in a case where the remanding court retained jurisdiction. *Id.* at 1362-63. Therefore, they qualified as "prevailing parties" under the second prong of the rule stated above. *Id.* at 1367.

The first prong of the test articulated in *Former Employees* was not directly applicable to the facts of that case. Thereafter, however, prong one was applied by our court in *Kelly v. Nicholson*. 463 F.3d 1349 (Fed. Cir. 2006) (Rader, J., dissenting). *Kelly* involved a veteran diagnosed with two conditions: olivopontocerebellar atrophy ("OPCA") and ataxia. The Regional Office and the Board of Veterans' Appeals both denied the veteran's claim for benefits, but failed to consider the ataxia evidence before doing so. *Id.* at 1352. The veteran subsequently appealed to the Court of Appeals for Veterans Claims ("Veterans Court") and obtained a remand. *Id.* As we later explained, the Board of Veterans' Appeals erred

because it violated a statutory obligation to consider the ataxia evidence before rejecting the veteran's service connection claim. *Id.* at 1354-55.

After obtaining his remand, the veteran applied for attorney's fees. *Id.* at 1352. Prong one of the *Former Employees* rule was at issue because the Veterans Court did not retain jurisdiction over the remand. *Id.* at 1353. Therefore, the ultimate outcome of the veteran's case was irrelevant in the attorney's fees analysis; the focus was solely on whether agency error caused the remand. We concluded that the VA's failure to consider the ataxia evidence was a sufficient agency error to qualify the veteran for prevailing party status under EAJA. *Id.* at 1355.

Notably, our precedent does not characterize every agency remand as a grant of relief on the merits under *Former Employees*. Indeed, we have held that remands not rooted in agency error do not result in prevailing party status. Such remands include: a remand to address the impact of a newly-enacted statute on a case, *Vaughn v. Principi*, 336 F.3d 1351, 1353 (Fed. Cir. 2003); a remand to consider newly acquired evidence, *Id.* at 1354; and a remand where the Board of Veterans' Appeals arguably misapplies a federal regulation but where the Veterans Court does not "explicitly or implicitly predicate[]" the remand order on this alleged misapplication. *Davis v. Nicholson*, 475 F.3d 1360, 1364 (Fed. Cir. 2007). Additionally, in *Gurley v. Peake*, 528 F.3d 1322, 1324 (Fed. Cir. 2008), a veteran obtained a remand because the Board of Veterans' Appeals failed to properly consider the merits of three claims at once. Instead, the Board of Veterans' Appeals ruled on the merits of one claim while declining to address the other two. *Id.* We found that the "sole basis" for this remand was "judicial economy" rather

than agency error and concluded that "[u]nder these circumstances, [the veteran] cannot be considered a 'prevailing party' under EAJA." *Id.* at 1328.

## III

In the present matter, since we did not retain jurisdiction over our remand of Mr. Ward's case to the Merit Systems Protection Board, prong one of the *Former Employees* rule applies. *See Former Employees*, 336 F.3d at 1366. Thus, the outcome of the remand is inconsequential, and we focus our analysis solely on whether agency error caused the remand.

Mr. Ward's remand was clearly caused by administrative error. As we explained in our previous opinion, the Merit Systems Protection Board failed to analyze the deciding official's ex parte communications under the *Stone* framework, an analysis intended to determine whether Mr. Ward's due process rights were violated. *Ward*, 634 F.3d at 1279. Next, the Board failed to properly address a procedural error committed by the Agency. Specifically, the Agency erred by considering instances of misconduct not mentioned in the Notice of Proposed Removal when determining Mr. Ward's penalty. *Id.* at 1281. The Board then erred by concluding that it could remedy the Agency's error by performing an independent analysis under the *Douglas* factors. *Id.* Instead, the Board was required to perform a harmless error analysis to determine whether the Agency's procedural error required reversal. *Id.* Because these administrative errors resulted in Mr. Ward's remand, we conclude that Mr. Ward qualifies as a prevailing party under EAJA. *See Kelly*, 463 F.3d at 1353; *Former Employees*, 336 F.3d at 1366.

IV

For the foregoing reasons, we hold that Mr. Ward is a "prevailing party" under EAJA and is therefore entitled to the attorney's fees incurred during his Federal Circuit appeal.

The court, PER CURIAM determines as follows:

IT IS ORDERED THAT:

Mr. Ward is a "prevailing party" under EAJA and is therefore entitled to the attorney's fees incurred during his Federal Circuit appeal.

FOR THE COURT


March 12, 2012                    /s/ Jan Horbaly
     Date                        Jan Horbaly
                                 Clerk

# United States Court of Appeals
# for the Federal Circuit

---

**THOMAS O. WARD,**
*Petitioner,*

**v.**

**UNITED STATES POSTAL SERVICE,**
*Respondent.*

---

2010-3021

---

Petition for review of the Merit Systems Protection Board in case no. PH0752090126-I-1.

---

ON APPLICATION FOR ATTORNEY FEES

---

PROST, *Circuit Judge*, with whom RADER, *Chief Judge* joins, concurring.

I agree with the majority that Thomas O. Ward must be awarded attorney's fees pursuant to the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412, because he qualifies as a "prevailing party" under *Former Employees of Motorola Ceramic Products v. United States*, 336 F.3d 1360 (Fed. Cir. 2003) (Rader, J., dissenting), and *Kelly v. Nicholson*, 463 F.3d 1349 (Fed. Cir. 2006) (Rader, J., dissenting). Therefore, I concur in the order awarding

fees. I write separately, however, because I believe that prong one of the *Former Employees* rule, which is applicable in this case, departs from Supreme Court precedent and should be overruled.

Under the first prong, if a plaintiff secures a remand because of an agency error, and the remanding court does not retain jurisdiction over the case during remand, the plaintiff automatically qualifies as a "prevailing party" under EAJA regardless of the outcome of the remand proceedings. *Former Employees*, 336 F.3d at 1366; *see also Kelly*, 463 F.3d at 1353. As explained below, this rule, in my view, conflicts with Supreme Court precedent because it allows a plaintiff to qualify as a "prevailing party" without having any success on the merits of his or her claims.

I

The Supreme Court has consistently explained that some level of success on the merits must be achieved before a plaintiff can qualify as a "prevailing party" under a fee-shifting statute. *See, e.g., Buckhannon Bd. & Care Home, Inc. v. W. Va. Dep't of Health & Human Res.* 532 U.S. 598, 603 (2001) ("Our '[r]espect for ordinary language requires that a plaintiff receive at least some relief on the merits of his claim before he can be said to prevail.'"); *Hanrahan v. Hampton*, 446 U.S. 754, 758 (1980) (plaintiffs earning reversal of a directed verdict did not "prevail[] on the merits of any of their claims" and, as a result, were not prevailing parties). This is precisely why remands within the federal court system ordinarily do not result in prevailing party status—they are not grants of "relief on the merits." *See Former Employees*, 336 F.3d at 1364.

As noted by the majority, however, our court has applied a special "prevailing party" rule for remands to administrative entities. Specifically,

> where the plaintiff secures a remand requiring further agency proceedings because of alleged error by the agency, the plaintiff qualifies as a prevailing party (1) without regard to the outcome of the agency proceedings where there has been no retention of jurisdiction by the court, or (2) when successful in the remand proceedings where there has been a retention of jurisdiction.

*Id.* at 1366; *see also Kelly*, 463 F.3d at 1353. Only the first prong of this rule is at issue in the present case because we did not retain jurisdiction over our remand to the Merit Systems Protection Board ("Board"). I believe prong one is flawed, however, because it does not require an analysis of whether the plaintiff's remand constituted success on the merits. For example, under this prong, a plaintiff obtaining a remand premised on a procedural agency error would be entitled to attorney's fees even if after that remand, the plaintiff is no closer to winning his case on the merits than he was when he first filed the complaint.

According to *Former Employees*, support for its rule comes from *Sullivan v. Hudson*, 490 U.S. 877 (1989), and *Shalala v. Schaefer*, 509 U.S. 292 (1993), two Supreme Court cases involving remands from a district court to the Social Security Administration ("SSA"). In my view, however, these two cases, consistent with the Supreme Court cases cited above, require a plaintiff to achieve some level of success on the merits in order to qualify as "prevailing."

In the first of these cases, *Hudson*, the SSA denied the plaintiff's application for benefits. 490 U.S. at 879. The plaintiff appealed and ultimately obtained a reversal at the Eleventh Circuit whereby the court instructed the district court to remand the case to the SSA for reconsideration. *Id.* at 880-81. The purpose of the remand was for the SSA to perform another analysis under its regulations because it had erroneously applied them in the first instance. *Id.* The plaintiff eventually won on remand, obtaining the benefits he requested in his complaint. *Id.* at 881-82. He then applied for attorney's fees. *Id.* at 882.

The Supreme Court initially commented that "[a]s provisions for judicial review of agency action go, [the Social Security Act] is somewhat unusual." *Id.* at 885. Specifically, the Act can remove a federal court from its normal role of overseeing the administrative process and transform it into a virtual coparticipant in the process. *Id.* Indeed, "[i]n many remand situations, the court will retain jurisdiction over the action pending the [SSA's] decision . . . . to assure that its prior mandate is effectuated." *Id.* at 886. In *Hudson*, the district court retained jurisdiction over the action after remand. *Id.* at 882.

Next, the *Hudson* Court explained how this unique SSA procedural framework meshed with EAJA. In particular, the Court explained that "in a case such as this one, where a court's remand to the agency for further administrative proceedings does not necessarily dictate the receipt of benefits, the claimant will not normally attain 'prevailing party' status . . . until after the result of the administrative proceedings is known." *Id.* at 886. The Court stated that the procedural events in *Hudson*, "for all intents and purposes," were "identical" to that of *Hanrahan*, 446 U.S. at 754, which found that "the reversal of a directed verdict for defendants on appeal did not

render the plaintiffs in that action 'prevailing parties.'" *Hudson*, 490 U.S. at 886.  The *Hanrahan* Court explained that such "procedural or evidentiary rulings" were not themselves "matters on which a party could 'prevail' for purposes of [a fee-shifting statute]."  *Hanrahan*, 446 U.S. at 759.

The *Hudson* Court thus concluded that "a Social Security claimant would not, as a general matter, be a prevailing party within the meaning of the EAJA merely because a court had remanded the action to the agency for further proceedings."  *Hudson*, 490 U.S. at 887.  Instead, "for purposes of the EAJA, the Social Security claimant's status as a prevailing party [is] . . . often completely dependent on the successful completion of the remand proceedings before the [SSA]."  *Id.*  In this particular case, "the administrative proceedings on remand . . . were 'crucial to the vindication of [respondent's] rights.'"  *Id.* at 889.  "No fee award at all would have been available to respondent absent successful conclusion of the remand proceedings."  *Id.* at 889.

The second Supreme Court case involving a remand to the SSA is *Schaefer*.  509 U.S. at 292.  Like the plaintiff in *Hudson*, the *Schaefer* plaintiff was initially denied benefits by the SSA before obtaining a remand from the district court.  *Id.* at 294.  This remand appeared much like an immediate victory, however, because the district court reversed the SSA's decision denying the plaintiff benefits. *Id.*  Unlike *Hudson*, the district court in *Schaefer* did not retain jurisdiction over the remand.  *Id.* at 294-95, 300. After the *Schaefer* remand, the SSA awarded benefits to the plaintiff in accordance with the district court's ruling. *Id.* at 294.

In addressing whether the *Schaefer* plaintiff qualified as a "prevailing party" under EAJA, the Court explained that the case involved a "Sentence 4" remand under the Social Security Act, "which terminates the litigation with victory for the plaintiff." *Id.* at 301. In obtaining this result, the plaintiff "succeeded on [a] significant issue in litigation which achieve[d] some of the benefit . . . sought in bringing suit." *Id.* at 302 (quoting *Hudson, Tex. State Teachers Assn. v. Garland Indep. Sch. Dist.*, 489 U.S. 782, 791-92 (1989)). The plaintiff therefore qualified as a prevailing party. *Schaefer*, 509 U.S. at 302.

Notably, in *Schaefer*, the Court emphasized the difference between a Sentence 4 remand and another remand procedure provided by the Social Security Act, a Sentence 6 remand. *Id.* at 301-02. Unlike a Sentence 4 remand, the district court in a Sentence 6 remand retains jurisdiction over the action. *See* 42 U.S.C. § 405(g). Because the district court in *Hudson* retained jurisdiction over its remand, this particular case can be characterized as a "Sentence 6 remand" case. *See Schaefer*, 509 U.S. at 299-300. As evident in *Hudson*, an attorney's fees applicant in a Sentence 6 remand case does not prevail merely by obtaining a remand—the remand must ultimately be successful. *See Hudson*, 490 U.S. at 889. Prong two of the *Former Employees* rule derives from the standard set forth in *Hudson*. Indeed, prong two, just like the standard set forth in *Hudson*, only permits "prevailing party" status in a situation where a court retains jurisdiction if the plaintiff ultimately succeeds in the remand proceedings. *See Former Employees*, 336 F.3d at 1366.

*Schaefer*, in contrast to *Hudson*, was a Sentence 4 remand case where no jurisdiction was retained. *See Schaefer*, 509 U.S. at 299-300. *Schaefer* distinguished itself from *Hudson* on these grounds. *Id.* In awarding "prevail-

ing party" status, the *Schaefer* Court treated its Sentence 4 remand as a final victory for the plaintiff. *Id.* at 301. Therefore, unlike *Hudson*, no victory at a later time was required. Prong one of the *Former Employees* rule, which addresses a situation were no jurisdiction is retained, derives from *Schaefer*. Unlike *Schaefer*, however, prong one does not require an analysis of whether the remand constitutes a victory on the merits.

In sum, *Hudson* and *Schaefer* focused their analyses on the extent to which the remands to the SSA constituted a victory on the merits. This approach squares with the Supreme Court precedents mentioned above, which require a "prevailing party" to succeed on the merits. *See Buckhannon*, 532 U.S. at 603; *Hanrahan*, 446 U.S. at 758. Prong one of the *Former Employees* rule contains no such "success on the merits" requirement, however. Therefore, I believe this rule conflicts with Supreme Court precedent.

This conclusion is supported by Judge Rader's dissent in *Former Employees*. *See Former Employees*, 336 F.3d at 1368. As the *Former Employees* dissent explains, awarding attorney's fees based on a procedural remand that does not involve the merits of the case "defies the Supreme Court's holdings in *Buckhannon*, *Hudson*, and *Schaefer*." *Id.* Indeed, the dissent viewed the remand at issue in *Former Employees*, which was a remand for reconsideration, as "far from a judgment on the merits or consent decree and more akin to an interlocutory ruling that reverses a dismissal for failure to state a claim." *Id.* at 1369. (*Buckhannon* explained that "an interlocutory ruling that reverses a dismissal for failure to state a claim" does not confer prevailing party status on a plaintiff. 532 U.S. at 605.) The dissent also disagreed with the *Former Employees* court's analysis of *Hudson* and *Schae-*

*fer*, explaining that prevailing party status was awarded in those cases because the Sentence 4 and Sentence 6 remands at issue were not merely remands—they were unique types of remands tied to judgments under the Social Security Act. *Id.* at 1369. Because of these judgments, the dissent stated, *Hudson* and *Schaefer* are consistent with *Buckhannon*. *Id.* Relying on the above reasoning, the dissent concluded that the plaintiff in *Former Employees* should not have qualified as a prevailing party. *Id.* at 1370. I agree.

## II

As the majority explains, Mr. Ward obtained his remand because of agency error. Regarding the first error, the Board failed to analyze the deciding official's ex parte communications under the *Stone* framework. *See Ward v. U.S. Postal Serv.*, 634 F.3d 1274, 1279 (Fed. Cir. 2011). Second, the Board erroneously performed an independent analysis under the *Douglas* factors in its effort to cure the U.S. Postal Service's error of improperly considering past instances of misconduct during the penalty phase. *Id.* at 1281. On remand, we instructed the Board: (1) to apply the *Stone* framework to determine whether the deciding official's reliance on ex parte communications caused a due process violation; and (2) if so, to perform a harmless error analysis regarding the U.S. Postal Service's improper consideration of past misconduct during the penalty phase. *Id.* at 1282-83. We did not rule on the merits of either of these two issues. We simply remanded so the Board could consider them in the first instance. Thus, for Mr. Ward to succeed on the merits of his claim after remand, he had to first win under the *Stone* analysis and, assuming he did, then obtain a favorable ruling on the harmless error issue. Put differently, Mr. Ward was still far from a victory on the merits after our remand. There-

fore, the remand in this case is not analogous to the Sentence 4 remand in *Schaefer*, which "terminate[d] the litigation with victory for the plaintiff."  509 U.S. at 301. Mr. Ward merely obtained a ruling from this court ensuring that the proper legal framework would be applied to the facts of his case moving forward (i.e., a procedural remand).  For these reasons, I find it improper to declare Mr. Ward a "prevailing party."  I join the majority, however, only because our precedent, which I am compelled to follow, entitles Mr. Ward to prevailing party status.

# United States Court of Appeals for the Federal Circuit

---

**THOMAS O. WARD,**
*Petitioner,*

**v.**

**UNITED STATES POSTAL SERVICE,**
*Respondent.*

---

2010-3021

---

Petition for review of the Merit Systems Protection Board in case no. PH0752090126-I-1.

---

ON APPLICATION FOR ATTORNEY FEES

---

DYK, *Circuit Judge*, concurring in the judgment.

While I agree with the result reached by the majority, I write separately to respond to Judge Prost's concurrence, which argues that *Former Employees of Motorola Ceramic Products v. United States*, 336 F.3d 1360 (Fed. Cir. 2003), should be overruled. *Former Employees* held that an appellant who secures a judicial remand to correct an agency error (without retention of jurisdiction) is a prevailing party in that civil action under the Equal Access to Justice Act ("EAJA"). 336 F.3d at 1366. Here

Ward is a prevailing party because in a judicial review action, this court vacated the Board's affirmance of an adverse action based on two agency errors—"serious due process concerns and a violation of Agency procedure"—in Ward's removal action, and remanded for reconsideration. *Ward v. U.S. Postal Serv.*, 634 F.3d 1274, 1278 (Fed. Cir. 2011).[1]

Judge Prost apparently thinks that a party to a judicial review proceeding cannot be a prevailing party unless the remand requires the agency to enter judgment in the appellant's favor. *Former Employees* has repeatedly been applied in this circuit, is compelled by Supreme Court precedent, and is consistent with decisions of the at least six other circuits that have considered the question. There is simply no basis for reconsidering it.

Moreover, denying prevailing-party status to appellants and petitioners in veterans and government employment cases who secure a remand based on agency error would make it more difficult for those individuals to

---

[1]    The first of the Board's two errors was its holding that improper ex parte communications in connection with the penalty phase of the proceedings did not amount to a denial of due process; we held that the same due process standards applied in the context of the penalty determination and the merits determination of the charge. *Id.* at 1279-80. We required the Board on remand to apply the proper standard, and to set aside the penalty if the ex parte communications amounted to a denial of due process. *Id.* at 1280. The Board's second error lay in applying an erroneous harmless error standard. *Id.* at 1281-82. We held that the agency could not properly consider conduct not charged in the notice of proposed removal in connection with the penalty, and that the Board could not remedy the error simply by making its own assessment of the reasonableness of the penalty. *Id.* Again we remanded for action consistent with the legal principle that we articulated. *Id.* at 1282.

secure counsel. The prospect of EAJA fees is designed to encourage counsel to undertake such representation. Under Judge Prost's view, EAJA fees would rarely be available because our decisions in those cases, even when favorable to the claimant, typically result in a remand that does not mandate ultimate relief in his or her favor.

## I

The reason that an appellant is a prevailing party when he secures a remand (without retention of jurisdiction) is that judicial review proceedings are considered to be separate proceedings from the underlying agency proceeding. EAJA's statutory text recognizes this, stating that a "prevailing party" shall receive fees "incurred by that party in any civil action . . . *including proceedings for judicial review of agency action*." 28 U.S.C. § 2412(d)(1)(A) (emphasis added). This text in no way suggests that prevailing party status depends upon a direction from the reviewing court to enter judgment in the appellant's favor.

Since the Supreme Court's decision in *Shalala v. Schaefer*, 509 U.S. 292 (1993), our court has repeatedly applied the *Former Employees* rule in EAJA cases. For example, in *Kelly v. Nicholson*, 463 F.3d 1349, 1351-52 (Fed. Cir. 2006), a veteran who had been denied service connection after exposure to Agent Orange won a remand from the Court of Appeals for Veterans Claims ("Veterans Court"), which found that the Department of Veterans Affairs ("VA") had erred by not considering the veteran's ataxia diagnosis and remanded for the agency to consider this evidence. We held that the veteran was entitled to EAJA fees under the *Former Employees* rule:

> In awarding attorneys' fees and expenses under EAJA, the inquiry is whether [appellant] was a prevailing party in his 'civil action,' not whether

he ultimately prevails on his service connection claim. [Appellant] prevailed in his civil action by securing a remand requiring consideration of his ataxia diagnosis.

*Id.* at 1354 (citations omitted) (citing *Former Employees*, 336 F.3d at 1366). *See also Scarborough v. Principi*, 319 F.3d 1346, 1348 (Fed. Cir. 2003) (noting that when the Veterans Court remanded a decision to the VA because it was not supported by an adequate statement of reasons, the veteran "prevail[ed] in the underlying litigation" for EAJA purposes), *rev'd on other grounds*, 541 U.S. 401 (2004).[2]

The *Former Employees* rule is compelled by Supreme Court precedent. The judicial remand to an agency addressed by the Supreme Court in *Schaefer* is virtually identical to the remand at issue in this case, and Judge Prost's suggestion to the contrary rests on a misreading of the *Schaefer* opinion. The plaintiff in *Schaefer* sought judicial review under 42 U.S.C. § 405(g) of a denial of disability benefits under the Social Security Act, and the

---

[2]    For other cases applying the *Former Employees* rule, see *Gurley v. Peake*, 528 F.3d 1322, 1326 (Fed. Cir. 2008) ("[I]n [*Former Employees*], following *Schaefer*, we held that '[w]hen there is a remand to the agency which remand grants relief on the merits sought by the plaintiff, and the trial court does not retain jurisdiction, the securing of the remand order is itself success on the merits.'" (quoting *Former Employees*, 336 F.3d at 1366)); *Davis v. Nicholson*, 475 F.3d 1360, 1364 (Fed. Cir. 2007) ("[U]nder [*Former Employees of*] *Motorola*, we are not concerned about the ultimate outcome of the agency proceedings on the underlying merits case."); *Rice Services, Ltd. v. United States*, 405 F.3d 1017, 1025 (Fed. Cir. 2005) (quoting the *Former Employees* rule); and *Halpern v. Principi*, 384 F.3d 1297, 1305 (Fed. Cir. 2004) (same).

district court found that the agency "had committed three errors in ruling on Schaefer's case." 509 U.S. at 294. In particular, the magistrate judge found that the agency erred in (1) improperly evaluating Schaefer's subjective complaints of back pain (noting that "on remand the [agency] should consider more closely plaintiff's chiropractic treatment immediately after his accident"); (2) not giving Schaefer's back pain "an individualized evaluation"; and (3) not using a vocational expert or considering Schaefer's age and education when making its assessment of residual functioning capacity. *Schaefer v. Bowen*, No. 3-88-71, slip op. at 10-13 (D. Minn. Oct. 19, 1988), *reprinted in* Petition for Writ of Certiorari at 28a, 37a-40a, *Schaefer*, 509 U.S. 292 (No. 92-311). None of these errors required the award of benefits,[3] and in adopting this recommendation, the district judge did not order the agency to provide Schaefer with benefits; rather, it denied cross-motions for summary judgment and ordered, under sentence four of § 405(g), that "the case is remanded to the Secretary [of Health and Human Services] for further consideration." *Schaefer v. Bowen*, No. 3-88-71, slip op. at 2 (D. Minn. Apr. 4, 1989), *reprinted in* Petition for Writ of Certiorari at 26a, 27a, *Schaefer*, 509 U.S. 292 (No. 92-311). The Supreme Court held that because the district court had entered a final judgment and released jurisdiction, this remand order terminated the civil action with success on the merits for the plaintiff, making Schaefer a prevailing party under EAJA. 509 U.S. at 300-02. The

---

[3] The definition of "disability" for Social Security benefits purposes has not changed since *Schaefer*: "the term 'disability' means (A) inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or has lasted or can be expected to last for a continuous period of not less than 12 months, or (B) blindness . . . ." 42 U.S.C. § 416(i)(1).

Court specifically drew a distinction between the agency proceeding and the judicial review action, noting that "[u]nder § 405(g), 'each final decision of the Secretary [is] reviewable by a *separate* piece of litigation,' and a sentence-four remand order [a remand without retention of jurisdiction] '*terminate[s]* the civil action' seeking judicial review of the Secretary's final decision." *Id.* at 299 (second and fourth alterations in original) (quoting *Sullivan v. Finkelstein*, 496 U.S. 617, 624-25 (1990)).[4]

Judge Prost states that the *Schaefer* Court treated the remand "as a final victory for the plaintiff." Prost Concurring Op. at 6 (citing *Schaefer*, 509 U.S. at 301). What *Schaefer* actually said was that "a sentence-four remand . . . terminates the litigation with victory for the plaintiff." 509 U.S. at 301. What the Court was saying was not that the remand was a final victory for the plaintiff in awarding Social Security benefits, but that it terminated the litigation (i.e., Schaefer's *separate* civil action for judicial review) with victory for the plaintiff in requiring the agency to reconsider his case (i.e., success on the merits sought on the judicial review action). It was not a final victory for Schaefer in his underlying agency action any more than our decision in *Ward* was a final victory for Ward. *Schaefer* specifically distinguished *Sullivan v. Hudson*, 490 U.S. 877 (1989), as involving a case in which the district court "had retained jurisdiction during the remand," a circumstance in which a remand alone is

---

[4]     Sentence four of 42 U.S.C. § 405(g) states: "The [district] court shall have power to enter, upon the pleadings and transcript of the record, a judgment affirming, modifying, or reversing the decision of the Commissioner of Social Security, with or without remanding the cause for a rehearing." In contrast, where the remanding court retains jurisdiction (known as a "sentence six" remand in the Social Security context), the entitlement to fees does depend on the ultimate outcome of the agency proceeding.

insufficient to convey prevailing-party status, and an ultimately favorable decision on the remand is required. 509 U.S. at 299-300.

Contrary to Judge Prost's suggestion, *see* Prost Concurring Op. at 7, nothing in *Buckhannon Board & Home Care, Inc. v. West Virginia Department of Health & Human Resources*, 532 U.S. 598 (2001), suggests a result contrary to either *Former Employees* or *Schaefer*. *Buckhannon* did not involve a remand in an agency review proceeding; rather, the plaintiffs sued for declaratory relief that a state housing law violated federal laws, and the case was dismissed as moot after the state housing law was amended. 532 U.S. at 600-01. The *Buckhannon* Court rejected the "catalyst theory," demanding that success be reflected in a judicial decree resulting from a merits determination or a court-ordered consent decree. *See id.* at 603-10. *Former Employees* demands the same result: success requires a judicial decree of agency error, and not merely an extraneous event such as a statutory amendment that causes the agency to change its views. *See, e.g.*, *Vaughn v. Principi*, 336 F.3d 1351, 1360 (Fed. Cir. 2003) (holding that an appellant is not a "prevailing party" where a remand is caused by a change in law). In judicial review proceedings of agency action, the requisite "success" is measured by success in the judicial forum, not by success on the underlying claim (unless there has been a retention of jurisdiction). Securing a remand to the agency is not an interlocutory ruling; rather, it is akin to winning an injunction against the agency, requiring it to proceed differently.

Significantly, shortly after *Buckhannon*, the Supreme Court in *Scarborough v. Principi*, 541 U.S. 401 (2004), an agency review proceeding, assumed that a remand was sufficient for prevailing-party status. The case came from this court, and involved whether a veteran could amend

his EAJA application. On July 9, 1999, the Veterans Court had vacated the VA's decision that there was no clear and unmistakable error in an earlier VA decision because it was not supported by an adequate statement of reasons, and remanded the case for further proceedings. *See Scarborough v. West*, No. 98-1590, slip op. at 3 (Vet. App. July 9, 1999), *reprinted in* Petition for Writ of Certiorari at 41a, 43a, *Scarborough*, 541 U.S. 401 (No. 02-1657); *Scarborough v. West*, 13 Vet. App. 530, 531 (2000). As in *Schaefer*, the court did not order that the appellant must prevail on remand. It merely found that the agency had made an error that required further consideration. The Supreme Court explicitly stated that "[o]n July 9, 1999, petitioner Scarborough . . . prevailed before the [Veterans] Court," and that he was the "prevailing party" under EAJA. 541 U.S. at 405, 408. If Scarborough was a prevailing party, then so necessarily was Ward in this case, and so is every successful appellant who secures a remand due to agency error.

The Court once again made it clear that a remand is sufficient for prevailing-party status in *Astrue v. Ratliff*, 130 S. Ct. 2521 (2010), a case involving a request for EAJA fees in an action for Social Security benefits. Citing *Schaefer*, the Supreme Court recognized "courts' common practice of awarding EAJA fees at the time a court remands a case to the Social Security Administration (Administration) for benefits proceedings," and noted that "[s]uch awards often allow attorneys to collect EAJA fees months before any fees are awarded under 42 U.S.C § 406(b) [which allows fees for proceedings before the Administration], because § 406(b) fees cannot be determined until the Administration enters a final benefits ruling." *Id.* at 2528 n.4 (citing *Schaefer*, 509 U.S. at 295-302). In other words, prevailing party status on appeal is determined well in advance of a final decision on the merits,

and is not dependent on such a determination. It is thus clear that success in the benefits proceedings before the agency is not a prerequisite for an award of EAJA fees in the judicial review action.

## II

Other circuits have also concluded that a remand resulting from agency error (without retention of jurisdiction) is sufficient for prevailing-party status in Social Security cases even if the remand does not direct an award of relief. *See, e.g.*, *Hackett v. Barnhart*, 475 F.3d 1166, 1168-69 (10th Cir. 2007) (stating that a remand requiring the agency to address a conflict in testimony was sufficient for prevailing party status); *Perlman v. Swiss Bank Corp. Comprehensive Disability Prot. Plan*, 195 F.3d 975, 980 (7th Cir. 1999) ("[O]btaining a sentence-four remand makes the claimant a 'prevailing party' without regard to what happens on the remand."); *Corbin v. Apfel*, 149 F.3d 1051, 1053 (9th Cir. 1998) ("[A] party is eligible for fees under EAJA if he wins at any intermediate stage in the proceedings—for instance, by obtaining a remand from the appeals court . . . ."); *Jackson v. Chater*, 99 F.3d 1086, 1097 (11th Cir. 1996) (stating that in a case where the district court remands under both sentence four and sentence six of 42 U.S.C. § 405(g), "the claimant prevails by obtaining a remand for reconsideration of his case"); *Breaux v. U.S. Dep't of Health & Human Servs.*, 20 F.3d 1324, 1325 (5th Cir. 1994) (per curium) ("*Schaefer* overruled [a prior Fifth Circuit case], which stated that a[n] [EAJA] fee application by a plaintiff who has obtained a remand order should be denied as 'premature without prejudice.'").

Circuits that have considered remands outside the Social Security context have recognized that the *Schaefer* rule applies to all agency review proceedings where the

court does not retain jurisdiction.  In *Rueda-Menicucci v. INS*, 132 F.3d 493, 494 (9th Cir. 1997), the court set aside an INS decision and remanded to the Board of Immigration Appeals ("BIA") to determine if the petitioner's allegations of past persecution were true.  The petitioner then filed an application for EAJA fees.  The Ninth Circuit held that the petitioner was a prevailing party:

> Although *Schaefer* was a Social Security case, we can perceive no difference between a "sentence four" remand under § 405(g) and a remand to the BIA for further proceedings.  In both cases, the remand terminates judicial proceedings and results in the entry of a final judgment. We conclude that *Schaefer* effectively overrules [prior Ninth Circuit cases that had held] that the entry of judgment remanding a case to the BIA for further consideration does not constitute a final judgment in favor of the petitioner.

132 F.3d at 495 (footnote omitted).  The Ninth Circuit has continued to rely on this rule.  *See, e.g.*, *Carbonell v. INS*, 429 F.3d 894, 900 (9th Cir. 2005) ("[A] litigant can be a prevailing party even if he has not obtained affirmative relief in his underlying action.").

The Seventh Circuit reached the same conclusion in *Muhur v. Ashcroft*, 382 F.3d 653, 655 (7th Cir. 2004), another asylum case in which the petitioner won a remand to the BIA based on an agency error.  On petitioner's EAJA application, the Seventh Circuit noted that "all she got from us was a remand for reconsideration of her asylum application; we did not order that she be granted asylum." *Id.* at 654.  Nevertheless, citing *Schaefer* and *Former Employees*, the Seventh Circuit held: "[W]hen a court of appeals, as in this case, reverses a

denial of asylum because the denial was erroneous, and sends the case back to the immigration service for further proceedings, the applicant is a prevailing party . . . ." *Id.* at 655. The Seventh Circuit has consistently applied this rule in cases considering EAJA applications after judicial remands to agencies. *See, e.g.*, *Kholyavskiy v. Holder*, 561 F.3d 689, 690 & n.2 (7th Cir. 2009).

The Third Circuit also followed the same approach in another asylum case, *Johnson v. Gonzales*, 416 F.3d 205, 209-10 (3d Cir. 2005). The court held that under *Schaefer*, because the Third Circuit had set aside an erroneous agency action and relinquished jurisdiction, petitioner "is the prevailing party in this proceeding for EAJA purposes regardless whether he ultimately prevails in his underlying immigration proceeding." *Id.* at 210. And in a similar recent case before the Second Circuit, the court noted that the government agreed that the petitioners were prevailing parties. *Gomez-Beleno v. Holder*, 644 F.3d 139, 144 (2d Cir. 2011).

As these other circuits have recognized, the rule we reached in *Former Employees* is clearly supported by the statutory text and is mandated by Supreme Court precedent.