## UNITED STATES OF AMERICA
## MERIT SYSTEMS PROTECTION BOARD

| | |
|---|---|
| CHARLES CHIBUEZE NWANKWO, Appellant, | DOCKET NUMBER DE-315H-15-0083-I-1 |
| v. | |
| DEPARTMENT OF STATE, Agency. | DATE: June 18, 2015 |

# THIS FINAL ORDER IS NONPRECEDENTIAL[*]

Charles Chibueze Nwankwo, Tucson, Arizona, pro se.

Anne Joyce, Esquire, and Hollin D. Luh, Washington, D.C., for the agency.

## BEFORE

Susan Tsui Grundmann, Chairman
Mark A. Robbins, Member

## FINAL ORDER

¶1      The appellant has filed a petition for review of the initial decision, which dismissed his probationary termination appeal for lack of jurisdiction. Generally, we grant petitions such as this one only when: the initial decision contains erroneous findings of material fact; the initial decision is based on an erroneous interpretation of statute or regulation or the erroneous application of the law to

[*] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. See 5 C.F.R. § 1201.117(c).

the facts of the case; the judge's rulings during either the course of the appeal or the initial decision were not consistent with required procedures or involved an abuse of discretion, and the resulting error affected the outcome of the case; or new and material evidence or legal argument is available that, despite the petitioner's due diligence, was not available when the record closed. *See* Title 5 of the Code of Federal Regulations, section 1201.115 (5 C.F.R. § 1201.115). After fully considering the filings in this appeal, and based on the following points and authorities, we conclude that the petitioner has not established any basis under section 1201.115 for granting the petition for review. Therefore, we DENY the petition for review and AFFIRM the initial decision, which is now the Board's final decision. 5 C.F.R. § 1201.113(b).

¶2 Effective July 13, 2014, the agency appointed the appellant to a Passport Specialist position. Initial Appeal File (IAF), Tab 9 at 28. The position was in the competitive service and subject to a 1-year probationary period. *Id.* On October 17, 2014, the agency informed the appellant that it would be terminating his appointment due to misconduct. *Id.* at 17. The appellant filed an appeal of the probationary termination, which the administrative judge dismissed for lack of jurisdiction without holding a hearing. IAF, Tab 13, Initial Decision (ID). The administrative judge found that the appellant did not meet the statutory definition of "employee" under 5 U.S.C. § 7511(a)(1)(A) and did not nonfrivolously allege that the agency terminated his employment based on marital status, political affiliation, or preappointment reasons. ID at 6.

¶3 The appellant has filed a petition for review. Petition for Review (PFR) File, Tab 1. In his petition for review, the appellant argues that he did not commit any misconduct that would warrant the termination of his appointment without notice and procedural due process. *Id.* at 5. The agency has filed an opposition to the appellant's petition for review. PFR File, Tab 3.

¶4 Because the appellant was terminated from a competitive service position, he must satisfy the definition of "employee" set forth at 5 U.S.C. § 7511(a)(1)(A)

to have Board appeal rights under 5 U.S.C. chapter 75. *See Henderson v. Department of the Treasury*, 114 M.S.P.R. 149, ¶ 9 (2010). To qualify as an "employee," the appellant must show that he was not serving a probationary period or had completed 1 year of current, continuous service under other than a temporary appointment limited to 1 year or less. 5 U.S.C. § 7511(a)(1)(A); *McCormick v. Department of the Air Force*, 307 F.3d 1339, 1341-43 (Fed. Cir. 2002). The Standard Form 50 documenting the appellant's appointment states that his appointment was subject to a 1-year probationary period. IAF, Tab 9 at 28. The parties dispute the exact date that the termination became effective but agree that the termination was effective sometime in October 2014. ID at 5 n.3. Thus it is undisputed that the appellant's employment was terminated prior to the completion of 1 year of service. In his petition for review, the appellant concedes that he was a probationary employee when the agency terminated his appointment. PFR File, Tab 1 at 5.

¶5      An appellant who has not served a full year under his appointment can show that he has completed his probationary period by tacking on prior service if the prior service was: (1) rendered immediately preceding the probationary appointment; (2) performed in the same agency; (3) performed in the same line of work; and (4) completed with no more than one break in service of less than 30 days. *Henderson*, 114 M.S.P.R. 149, ¶ 10. Alternatively, an employee can show that, while he may be a probationer, he is an "employee" with chapter 75 appeal rights because, immediately preceding the adverse action, he had completed at least 1 year of current, continuous service in federal civilian service without a break of a workday. *Id.* As found by the administrative judge, the appellant's position immediately preceding his appointment by the agency was with a private corporation and, therefore, he could not tack his prior service to his service with the agency to complete his probationary period and did not meet the definition of "employee" because his 1 year of current, continuous service was not in the federal civilian service. ID at 5.

¶6 A probationary employee may nevertheless have a limited regulatory right to appeal if he alleges that his termination was due to discrimination based on partisan political reasons or marital status, or for conditions arising preappointment and the required procedures were not followed. *Henderson*, 114 M.S.P.R. 149, ¶ 9; 5 C.F.R. § 315.806. The appellant was terminated based on allegations of misconduct that occurred during his probationary period. ID at 2. The appellant did not allege that his termination was based on partisan political reasons, marital status, or preappointment reasons. ID at 6. Although he continues to argue on review that he did not commit the alleged misconduct, those arguments relate to the reasons underlying the termination and are immaterial to the jurisdictional issue. *See Kellum v. Veterans Administration*, 2 M.S.P.R. 65, 67 (1980). We find that the administrative judge appropriately dismissed the appeal for lack of jurisdiction.

## NOTICE TO THE APPELLANT REGARDING
## YOUR FURTHER REVIEW RIGHTS

You have the right to request review of this final decision by the United States Court of Appeals for the Federal Circuit. You must submit your request to the court at the following address:

United States Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, DC 20439

The court must receive your request for review no later than 60 calendar days after the date of this order. *See* 5 U.S.C. § 7703(b)(1)(A) (as rev. eff. Dec. 27, 2012). If you choose to file, be very careful to file on time. The court has held that normally it does not have the authority to waive this statutory deadline and that filings that do not comply with the deadline must be dismissed. *See Pinat v. Office of Personnel Management*, 931 F.2d 1544 (Fed. Cir. 1991).

If you need further information about your right to appeal this decision to court, you should refer to the federal law that gives you this right. It is found in Title 5 of the United States Code, section 7703 (5 U.S.C. § 7703) (as rev. eff. Dec. 27, 2012). You may read this law as well as other sections of the United States Code, at our website, http://www.mspb.gov/appeals/uscode.htm. Additional information is available at the court's website, www.cafc.uscourts.gov. Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, and 11.

If you are interested in securing pro bono representation for an appeal to the United States Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit. The Merit Systems Protection Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.


FOR THE BOARD:                _____
                                          William D. Spencer
                                          Clerk of the Board

Washington, D.C.