(3) Warren's motion for reconsideration is denied.

(4) Each side shall bear its own costs.

**Ann M. MCCORMICK, Petitioner,**

v.

**DEPARTMENT OF THE AIR FORCE, Respondent.**

No. 02–3031.

United States Court of Appeals, Federal Circuit.

April 2, 2002.

Before MAYER, Chief Judge, RADER, and DYK, Circuit Judges.

PER CURIAM.

Ann M. McCormick seeks review of the August 23, 2001, decision of the Merit Systems Protection Board, No. DA315H000317–I–1, dismissing her appeal for lack of jurisdiction. We *affirm.*

The board concluded that it did not have subject matter jurisdiction because, as a probationary employee, McCormick failed to allege that she was terminated because of discrimination based upon partisan political reasons, marital status, race, color, religion, sex, or national origin, or a failure to follow proper procedure. *See* 5 C.F.R. § 315.806(a)-(d) (2001). Rather than argue her termination was because of one of the criteria set forth above, McCormick asserts that she was improperly classified as an employee appointed from the register rather than an employee appointed by transfer. As an employee appointed by transfer, McCormick alleges that the jurisdictional restrictions for probationary-period employees does not apply and the board has jurisdiction.

We review the board's decision regarding its own jurisdiction *de novo. King v. Briggs,* 83 F.3d 1384, 1387 (Fed.Cir.1996). The petitioner bears the burden of establishing the board's jurisdiction by a preponderance of the evidence. 5 C.F.R. § 1201.56(a)(2); *Clark v. United States Postal Serv.,* 989 F.2d 1164, 1167 (Fed.Cir. 1993). Our review is limited to setting aside any action that is "(1) arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law; (2) obtained without procedures required by law, rule, or regulation having been followed; or (3) unsupported by substantial evidence." 5 U.S.C. § 7703(c) (1994). *See Yates v. Merit Sys. Prot. Bd.,* 145 F.3d 1480, 1483 (Fed.Cir.1998).

Based upon her SF 50, substantial evidence supports the board's finding that McCormick's appointment was subject to a probationary period. Because her dismissal was not based upon discrimination as set forth above or failure to follow proper procedures, the board correctly concluded that it does not have jurisdiction.