Ann M. MCCORMICK, Petitioner,

v.

**DEPARTMENT OF THE AIR FORCE, Respondent.**

No. 02–3031.

United States Court of Appeals, Federal Circuit.

DECIDED: Oct. 4, 2002.

Ann M. McCormick, of Oklahoma City, OK, pro se.

Allison A. Page, Attorney, Commercial Litigation Branch, Civil Division, Department of Justice, of Washington, DC, for respondent. With her on the brief were Robert D. McCallum, Jr., Assistant Attorney General; David M. Cohen, Director; and Jeanne E. Davidson, Deputy Director.

Before MAYER, Chief Judge, RADER and DYK, Circuit Judges.

Opinion by the court filed by Circuit Judge DYK. Dissenting opinion filed by Chief Judge MAYER.

DYK, Circuit Judge.

Ann M. McCormick ("McCormick") petitions for rehearing of our nonprecedential decision in *McCormick v. Dep't of the Air Force*, No. 02–3031, slip op. at 1, 32 Fed. Appx. 582, 2002 WL 504781 (Fed.Cir. Apr. 2, 2002). In that decision we affirmed the decision of the Merit Systems Protection Board ("Board"), No. DA–315H–00–0317–I–1, 90 M.S.P.R. 454 (M.S.P.B. Aug. 23, 2001), dismissing McCormick's appeal for lack of jurisdiction. Having considered McCormick's petition for rehearing and the government's response, we have determined that our prior decision was contrary to *Van Wersch v. Department of Health & Human Services*, 197 F.3d 1144 (Fed.Cir. 1999).[1] We therefore grant McCormick's petition for rehearing, vacate the prior decision, reverse the Merit Systems Protection Board's dismissal for lack of jurisdiction, and remand for further proceedings.

## BACKGROUND

Ann McCormick entered the federal competitive service on June 2, 1991, as a career conditional employee of the Department of Health and Human Services. Her appointment was subject to completion of a one-year probationary period, which she subsequently completed. On August 30, 1999, McCormick requested a voluntary change of appointment to the position of contract negotiator at Tinker Air Force Base. The request for change of appointment was accompanied by a Request for Personnel Action (Form 52) dated August 29, 1999, which referred to the action as a "termination/transfer out." She was appointed to the position of contract negoti-

ator effective August 29, 1999. As part of her appointment to the Department of the Air Force, the department issued a Notification of Personnel Action referring to McCormick as a conditional employee subject to a one-year probationary period beginning August 29, 1999. On February 22, 2000, McCormick's employment with the Air Force was terminated. The Notice of Personnel Action (Form 50) issued by the Air Force stated that the termination was during her probationary period.

McCormick appealed to the Merit Systems Protection Board on March 23, 2000. On November 30, 2000, the Board issued an initial decision dismissing the appeal for lack of jurisdiction. *McCormick v. Dep't of the Air Force*, No. DA–315H–00–0317–I–1, 90 M.S.P.R. 454 (Initial Decision). The Board held that McCormick was a probationary employee and, as such, had only limited appeal rights as provided under 5 C.F.R. § 315.806. *Id.* at 6–7. The Board denied review, *McCormick v. Dep't of the Air Force*, No. DA–315H–00–0317–I–1, 90 M.S.P.R. 454 (M.S.P.B. Aug. 23, 2001) (Final Decision), and this court subsequently affirmed, *McCormick*, No. 02–3031, slip op. at 2. On May 15, 2002, McCormick timely filed a petition for rehearing.

## DISCUSSION

▇ We review the decisions of the Board regarding its own jurisdiction without deference. *King v. Briggs*, 83 F.3d 1384, 1387 (Fed.Cir.1996). Petitioner bears the burden of establishing Board jurisdiction. 5 C.F.R. § 1201.56(a)(2)(i); *Clark v. United States Postal Serv.*, 989 F.2d 1164, 1167 (Fed.Cir.1993).

▇ Jurisdiction of the Board is granted under 5 U.S.C. § 7701(a), which provides "[a]n employee ... may submit an appeal to the Merit Systems Protection Board from any action which is appealable to the

---

**1.** We are disappointed that the government's original brief on appeal failed to cite or dis-     cuss *Van Wersch*.

Board under any law, rule, or regulation." Removal from employment is an appealable action where the individual qualifies as an "employee" at the time of her removal by the agency. *Van Wersch v. Dep't of Health & Human Servs.*, 197 F.3d 1144, 1147 (Fed.Cir.1999) (citing 5 U.S.C. §§ 7512(1), 7513(d) (1994)). The term "employee" is defined by statute under 5 U.S.C. § 7511(a), which provides:

(1) "employee" means—

(A) an individual in the competitive service—

(i) who is not serving a probationary or trial period under an initial appointment; *or*

(ii) who has completed 1 year of current continuous service under other than a temporary appointment limited to 1 year or less;

(B) a preference eligible in the excepted service who has completed 1 year of current continuous service in the same or similar positions—

(i) in an Executive agency; *or*

(ii) in the United States Postal Service or Postal Rate Commission; and

(C) an individual in the excepted service (other than a preference eligible)—

(i) who is not serving a probationary or trial period under an initial appointment pending conversion to the competitive service; *or*

(ii) who has completed 2 years of current continuous service in the same or similar positions in an Executive agency under other than a temporary appointment limited to 2 years or less.

5 U.S.C. § 7511(a) (2000) (emphasis added).[2]

■ Here petitioner does not meet the definition of employee under subsection (A)(i), but does meet the definition under subsection (A)(ii). The question presented here is whether an individual who is excluded from "employee" status under subsection (A)(i) is an "employee" if she meets the definition provided in subsection (A)(ii).

In support of her petition for rehearing, McCormick cites our decision in *Van Wersch*, in which we construed the language of 5 U.S.C. § 7511(a)(1)(C) as providing two alternative definitions of employee status and held that an individual could establish Board jurisdiction by satisfying either alternative. *Van Wersch*, 197 F.3d at 1151. The court in *Van Wersch* construed the conjunction "or" as being disjunctive. *Id.* at 1148 (citing *Webster's 3rd New Int'l Dict.* 1585 (1986)). The court considered the government's arguments that the two definitions were not alternatives, but dismissed those arguments stating:

We have carefully considered the legislative history of 5 U.S.C. § 7511(a)(1)(C) and the government's argument based on that history. Indeed ... we recognize the force of the government's argument as far as what the legislative history tells us about Congressional intent. If the language of § 7511(a)(1)(C) could fairly be read as ambiguous, the government would have a compelling case ... [h]owever, the language of § 7511(a)(1)(C) cannot be so read. On the contrary ... it is crystal clear.

*Id.* at 1152. Given our holding in *Van Wersch* with respect to subsection (C) of § 7511(a)(1), there is no basis for a different result when construing the language of subsection (A) of that same statute. Both 5 U.S.C. § 7511(a)(1)(A) and (C) provide

---

**2.** In addition, the regulations afford probationary employees limited appeal rights based on nonfrivolous allegations of discrimination based on partisan political reasons or marital status discrimination. *See* 5 C.F.R. § 315.806(b) (2002). There is no allegation that such circumstances were present here.

two definitions separated by the conjunction "or." Under *Van Wersch* we must treat subsection A as providing alternative definitions.[3]

The government does not argue that McCormick fails to meet the definition provided by § 7511(a)(1)(A)(ii), but rather argues that she must meet the definitions provided by both subsections (i) *and* (ii). In response to petitioner's reliance on *Van Wersch*, the government argues:

> In *Van Wersch*, this Court interpreted certain changes made to 5 U.S.C. § 7511 in the Civil Service Due Process Act of 1990 ("DPA"), and mistakenly interpreted the definition of employee to include even those probationary employees that were clearly intended to be excluded from the appeal rights of tenured employees. The Court's opinion in *Van Wersch* even notes that its conclusion is contrary to the legislative history of the act and contrary to longstanding OPM administration of Federal personnel statutes. Because it mandates a reading to the statute that is clearly inconsistent with that of the administering agency and clearly inconsistent with the legislative history, *Van Wersch* was incorrectly decided by this Court.

Answer to Pet. for Panel Reh'g at 2–3. The government further argues that, contrary to the panel's position in *Van Wersch*, the language of the statute was not clear and deference should be afforded to the OPM regulations:

> In fact, the language of the stature [sic], as opposed to the meaning of the particle [sic] "or," is far from clear.... It could mean that the clauses connected by the word "or" refer to different classes of employees, rather than all Federal employees, as the panel assumed. Therefore, the panel should have treated the case as falling within *Chevron II* and ... deferred to OPM....

*Id.* at 5–6 (citation omitted).[4]

■ The panel is bound by the court's earlier decision in *Van Wersch*. *In re Am. Fertility Soc'y*, 188 F.3d 1341, 1347, 51 USPQ2d 1832, 1836 (Fed.Cir.1999) (holding that an earlier precedential decision is binding precedent on later panels) (citing *Newell Cos. v. Kenney Mfg. Co.*, 864 F.2d 757, 765 (Fed.Cir.1988)). The government's invitation to overturn *Van Wersch* must be addressed to the *en banc* court.

In summary, under *Van Wersch* the Merit Systems Protection Board has jurisdiction when an employee meets the definition of "employee" provided by subsection (i) *or* (ii). The government does not argue

---

**3.** In *Pervez v. Department of the Navy*, 193 F.3d 1371, 1375 (Fed.Cir.1999), we held that a government employee with 15 years service who accepted a new probationary position was not an "employee." We stated that "an employee serving a probationary period is not an 'employee' under 5 U.S.C. § 7511(a)(1)(A) (defining 'employee' as an 'individual in the competitive service (i) who is not serving a probationary or trial period under an initial appointment')." The court in *Pervez*, however, based its decision solely on § 7511(a)(1)(A)(i), without mention of § 7511(a)(1)(A)(ii), or the conjunction "or" used to separate them. *Id.* Because the issue of the proper interpretation of the subsection, as a whole, was neither argued nor discussed

in our opinion, we are not bound by it. *Boeing N. Am., Inc. v. Sec'y of the Air Force*, 298 F.3d 1274, 1282 (Fed.Cir.2002) (citing *Brecht v. Abrahamson*, 507 U.S. 619, 631, 113 S.Ct. 1710, 123 L.Ed.2d 353 (1993); *Rhone–Poulenc Agro, S.A. v. DeKalb Genetics Corp.*, 284 F.3d 1323, 1334, 62 USPQ2d 1188 (Fed.Cir. 2002) (en banc); *United States v. County of Cook, Illinois*, 170 F.3d 1084, 1088 (Fed.Cir. 1999); *Nat'l Cable Television Ass'n, Inc. v. Am. Cinema Editors, Inc.*, 937 F.2d 1572, 1581, 19 USPQ2d 1424, 1431 (Fed.Cir.1991)).

**4.** The relevant OPM regulations limit the appeal rights of probationary employees. 5 C.F.R. § 315.806.

that McCormick fails to meet the definition of employee under subsection (ii), and the record shows that she does meet that definition, having completed more than 1 year of current continuous service under other than a temporary appointment limited to 1 year or less. The Board, therefore, has jurisdiction over her appeal.

### CONCLUSION

McCormick's petition for rehearing is granted. Our opinion dated April 2, 2002, is vacated. The decision of the Board dismissing McCormick's complaint for lack of jurisdiction is reversed and this case is remanded for further proceedings.

### COSTS

No costs.

MAYER, Chief Judge, dissenting.

Because *Van Wersch v. Dep't of Health and Human Serv.*, 197 F.3d 1144, 1147 (Fed.Cir.1999), is not controlling, and a correct reading of the statute negates McCormick's appeal rights, I dissent. The statute requires that an employee must satisfy 5 U.S.C. § 7511(a)(1)(A)(i), and if he does not, if he is serving a probationary period, then section 7511(a)(1)(A)(ii) does not come into play. And this interpretation is clearly supported by the legislative history. S. Rep. 95–969, *48, 1978 U.S.C.C.A.N. 2723, **2769.

*Van Wersch* interpreted 5 U.S.C. § 7511(a)(1)(C), defining "employee" for those individuals in the *excepted* service. At issue here, however, is section 7511(a)(1)(A) directed to the *competitive* service. The language is similar, but those sections are devoted to two separate classes of employees, possessed of dramatically different rights and obligations. *Van Wersch* did not address section 7511(a)(1)(A) at all, so it is of no significance to our case.

Even if *Van Wersch* is thought to be persuasive, however, there is contrary earlier precedent that correctly interprets the statute. *Pervez v. Dep't. of the Navy*, 193 F.3d 1371 (Fed.Cir.1999), affirmed the board's conclusion that it lacked jurisdiction in a situation almost identical to this case in relevant part. And while the opinion directly addresses only subsection (A)(i) and not subsection (A)(ii), it could not have reached the same result if it had interpreted the relevant language in the way *Van Wersch* did. Of course, it is the earlier precedent by which we must be guided.