NOTE: This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

## 2010-3046

BERNARD S. JENKINS,

Petitioner,

v.

SMITHSONIAN INSTITUTION,

Respondent.

Bernard S. Jenkins, of Woodbridge, Virginia, pro se.

Patryk J. Drescher, Trial Attorney, Commercial Litigation Branch, Civil Division, United States Department of Justice, of Washington, DC, for respondent. With him on the brief were Tony West, Assistant Attorney General, Jeanne E. Davidson, Director, and Reginald T. Blades, Jr., Assistant Director.

Appealed from: Merit Systems Protection Board

NOTE: This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

2010-3046

BERNARD S. JENKINS,

Petitioner,

v.

SMITHSONIAN INSTITUTION,

Respondent.

Petition for review of the Merit Systems Protection Board in case no.
DC-315H-09-0764-I-1.
_____

DECIDED: April 9, 2010
_____

Before MAYER, PLAGER, and GAJARSA, Circuit Judges.

PER CURIAM.

Bernard S. Jenkins appeals the decision of the Merit Systems Protection Board dismissing his appeal for lack of jurisdiction. See Jenkins v. Smithsonian Inst., No. DC-315H-09-0764-I-1, 2009 MSPB LEXIS 6991 (M.S.P.B. Oct. 20, 2009). We affirm.

Jenkins was hired by the Smithsonian Institution to work as a GS-5 security guard. His appointment was subject to the completion of a one-year probationary period that began on October 14, 2008.

In April 2009, Jenkins informed his supervisor that he had been incarcerated. Soon thereafter, Jenkins was notified that he was being terminated for "misconduct and

poor attendance." Jenkins then appealed to the board, but his appeal was dismissed for lack of jurisdiction.

"The board's jurisdiction is not plenary, but is limited to those matters over which it has been granted jurisdiction by law, rule or regulation." Johnston v. Merit Sys. Prot. Bd., 518 F.3d 905, 909 (Fed. Cir. 2008). Jenkins has the burden of proving that the board has jurisdiction over his appeal. See 5 C.F.R. § 1201.56(a)(2)(i).

Probationary employees have very limited appeal rights. See Mastriano v. Fed. Aviation Admin., 714 F.2d 1152, 1555 (Fed. Cir. 1983). In general, the board can consider an appeal by a probationary employee only where that employee alleges he was terminated for partisan political reasons or as a result of marital status discrimination. See 5 C.F.R. § 315.806. Because Jenkins does not assert that his removal was based on either of these grounds, the board properly dismissed his appeal.

Under certain circumstances, a probationary employee is granted appeal rights by virtue of his prior federal service. See McCormick v. Dep't of the Air Force, 307 F.3d 1339, 1341 (Fed. Cir. 2002); Van Wersch v. Dep't of Health and Human Servs., 197 F.3d 1144, 1147-49 (Fed. Cir. 1999). In order to obtain appeal rights, however, an employee must demonstrate that he "has completed 1 year of current continuous service under other than a temporary appointment limited to 1 year or less." 5 U.S.C. § 7511(a)(1)(A)(ii). As the board correctly determined, Jenkins failed to establish that his prior federal service met these requirements.

Jenkins argues that he was not informed that he was a probationary employee. This contention, however, is not supported by the record. To the contrary, his SF-50

Notice of Personnel Action form and a confirmation letter mailed to him by the agency both explicitly state that he was a probationary employee.

We have considered Jenkins' remaining arguments but do not find them persuasive.