**UNITED STATES OF AMERICA**
**MERIT SYSTEMS PROTECTION BOARD**

TRACEY POWELL,
           Appellant,

      v.

DEPARTMENT OF AGRICULTURE,
           Agency.

DOCKET NUMBER
DA-315H-25-0078-I-1

DATE:  March 3, 2026

# THIS FINAL ORDER IS NONPRECEDENTIAL[1]

Jason Crump, Esquire, Lanham, Maryland, for the appellant.

Debbie Clark, Esquire, Rachel Trafican, Esquire, and David P. Simmons,
    Washington, D.C., for the agency.

**BEFORE**

Henry J. Kerner, Vice Chairman
James J. Woodruff II, Member

**FINAL ORDER**

The appellant has filed a petition for review of the initial decision, which dismissed her probationary termination appeal for lack of jurisdiction. On petition for review, the appellant asserts that she already completed a probationary period in a prior appointment, she had 1 year of current continuous service, the agency was precluded from requiring her to complete a new

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. *See* 5 C.F.R. § 1201.117(c).

probationary period, and she did not waive her Board appeal rights as part of her new appointment. Petition for Review (PFR) File, Tab 1. Generally, we grant petitions such as this one only in the following circumstances: the initial decision contains erroneous findings of material fact; the initial decision is based on an erroneous interpretation of statute or regulation or the erroneous application of the law to the facts of the case; the administrative judge's rulings during either the course of the appeal or the initial decision were not consistent with required procedures or involved an abuse of discretion, and the resulting error affected the outcome of the case; or new and material evidence or legal argument is available that, despite the petitioner's due diligence, was not available when the record closed. Title 5 of the Code of Federal Regulations, section 1201.115 (5 C.F.R. § 1201.115). After fully considering the filings in this appeal, we conclude that the petitioner has not established any basis under section 1201.115 for granting the petition for review. Therefore, we DENY the petition for review. Except as expressly MODIFIED to discuss the appellant's contention that she had 1 year of current continuous service and she was therefore an "employee" under 5 U.S.C. § 7511(a)(1)(A)(ii), we AFFIRM the initial decision.

## DISCUSSION OF ARGUMENTS ON REVIEW

To qualify as an "employee" with appeal rights under 5 U.S.C. chapter 75, an individual in the competitive service must show that she either is not serving a probationary or trial period under an initial appointment or has completed 1 year of current continuous service under an appointment other than a temporary one limited to 1 year or less.[2] 5 U.S.C. § 7511(a)(1)(A)(i)-(ii); *Hurston v. Department of the Army*, 113 M.S.P.R. 34, ¶ 9 (2010). We have considered the

---

[2] The appellant does not assert on review that she has a regulatory right to appeal her termination during her probationary period. We affirm the administrative judge's finding that she did not make nonfrivolous allegations in this regard. Initial Appeal File, Tab 6 at 8.

appellant's assertions on review, but we conclude that she has not met her burden to make nonfrivolous allegations in this regard.

For the first time on review, the appellant asserts that she nonfrivolously alleged that she was an "employee" pursuant to 5 U.S.C. § 7511(a)(1)(A)(ii) because she "completed [1] year of current continuous service when she was competitively appointed from a register in her previous [F]ederal employment (as an Office Automation Clerk with [the Department of Health and Human Services (HHS)] on October 29, 2006, and later as a Work/Life Technician with the Department of [the] Air Force)." PFR File, Tab 1 at 4. The Board generally will not consider an argument raised for the first time in a petition for review absent a showing that it is based on new and material evidence not previously available despite the party's due diligence. *Clay v. Department of the Army*, 123 M.S.P.R. 245, ¶ 6 (2016). The appellant has not made such a showing.

Even if we modify the initial decision to consider this assertion, a different outcome is not warranted. The term "current continuous service" means a period of employment or service immediately preceding an adverse action without a break in Federal civilian employment of a workday. *Avalos v. Department of Housing and Urban Development*, 963 F.3d 1360, 1368-69 (Fed. Cir. 2020); *Ellefson v. Department of the Army*, 98 M.S.P.R. 191, ¶ 14 (2005); *see* 5 C.F.R. § 752.402. The appellant does not contend on review that she had any Federal service between her September 2022 resignation from the Department of the Air Force and her October 23, 2023 agency appointment. PFR File, Tab 1; Initial Appeal File, Tab 4 at 19-20. Therefore, she did not have 1 year of current continuous service, and she did not nonfrivolously allege that she was an employee under 5 U.S.C. § 7511(a)(1)(A)(ii).

The appellant also asserts on review that she made a nonfrivolous allegation that she was an "employee" pursuant to 5 U.S.C. § 7511(a)(1)(A)(i) because she completed her probationary period during her earlier HHS appointment, and she was not required to undergo a second probationary period.

PFR File, Tab 1 at 3. In pertinent part, she asserts that the initial decision is inconsistent with the Board's decision in *Stoute v. Department of the Navy*, 98 M.S.P.R. 409 (2005), which she contends stands for the proposition that the only time an employee is obligated to undergo a second probationary period is if the employee voluntarily waives her appeal rights. PFR File, Tab 1 at 5.

We have reviewed the Board's decision in *Stoute*. Mr. Stoute was appointed to a competitive-service position, he completed his 1-year probationary period, he applied and was selected for a different competitive-service position at the same agency which required completion of another 1-year probationary period, and he was terminated during his second 1-year probationary period. *Stoute*, 98 M.S.P.R. 409, ¶ 2. Mr. Stoute filed a Board appeal, and the administrative judge reversed the action because he was an employee under 5 U.S.C. § 7511(a)(1)(A)(ii), he did not waive his Board appeal rights, and the agency did not provide him with due process. *Id.*, ¶¶ 3-4. The agency's petition for review followed. *Id.*, ¶ 4.

The Board in *Stoute* discussed *McCormick v. Department of the Air Force*, 307 F.3d 1339, 1342-43 (Fed. Cir. 2002), and determined that an individual who may be excluded from "employee" status under 5 U.S.C. § 7511(a)(1)(A)(i) may be an employee under section 7511(a)(1)(A)(ii). *Stoute*, 98 M.S.P.R. 409, ¶¶ 6-7. The Board concluded that Mr. Stoute was an "employee" under 5 U.S.C. § 7511(a)(1)(A)(ii) because he was employed by the agency from July 31, 2000, until the July 29, 2023 effective date of his termination, and thus, he completed 1 year of current continuous service prior to his termination. *Stoute*, 98 M.S.P.R. 409, ¶ 8. Having found that Mr. Stoute was an "employee" with Board appeal rights under 5 U.S.C. § 7511(a)(1)(A)(ii), the Board also considered whether he waived his Board appeal rights when he accepted the second position, and it concluded that he did not knowingly and voluntarily waive his appeal rights. *Id.*, ¶¶ 11-13.

The facts of *Stoute* are easily distinguishable from this matter. Notably, Mr. Stoute had nearly 3 years of current continuous service with the same agency at the time of his termination and, thus, he was an employee under 5 U.S.C. § 7511(a)(1)(A)(ii) with Board appeal rights. By contrast, for the reasons described above, the appellant did not have 1 year of current continuous service with the agency, and she was therefore not an "employee" with Board appeal rights under 5 U.S.C. § 7511(a)(1)(A)(ii). Because she did not have chapter 75 Board appeal rights, we need not consider whether she waived any such rights.[3]

The appellant offers no other persuasive authority to support her contention that the agency was precluded from requiring her to complete a new probationary period based on her successful completion of a probationary period in 2006-07 with a different agency. PFR File, Tab 1 at 4. Accordingly, we affirm the administrative judge's conclusion that she did not nonfrivolously allege that she was an "employee" pursuant to 5 U.S.C. § 7511(a)(1)(A)(i).

## NOTICE OF APPEAL RIGHTS[4]

The initial decision, as supplemented by this Final Order, constitutes the Board's final decision in this matter. 5 C.F.R. § 1201.113. You may obtain review of this final decision. 5 U.S.C. § 7703(a)(1). By statute, the nature of your claims determines the time limit for seeking such review and the appropriate forum with which to file. 5 U.S.C. § 7703(b). Although we offer the following summary of available appeal rights, the Merit Systems Protection Board does not provide legal advice on which option is most appropriate for your situation and

[3] We have considered the appellant's reliance on *Stoute* for the proposition that a competitive-service appointment from a register is not relevant to the issue of whether an individual completed 1 year of continuous service. PFR File, Tab 1 at 4; *Stoute*, 98 M.S.P.R. 409, ¶¶ 9-10. However, because we find that the appellant did not nonfrivolously allege that she had 1 year of current continuous service, her assertion in this regard does not warrant a different outcome.

[4] Since the issuance of the initial decision in this matter, the Board may have updated the notice of review rights included in final decisions. As indicated in the notice, the Board cannot advise which option is most appropriate in any matter.

the rights described below do not represent a statement of how courts will rule regarding which cases fall within their jurisdiction. If you wish to seek review of this final decision, you should immediately review the law applicable to your claims and carefully follow all filing time limits and requirements. Failure to file within the applicable time limit may result in the dismissal of your case by your chosen forum.

Please read carefully each of the three main possible choices of review below to decide which one applies to your particular case. If you have questions about whether a particular forum is the appropriate one to review your case, you should contact that forum for more information.

**(1) Judicial review in general**. As a general rule, an appellant seeking judicial review of a final Board order must file a petition for review with the U.S. Court of Appeals for the Federal Circuit, which must be received by the court within **60 calendar days** of the date of issuance of this decision. 5 U.S.C. § 7703(b)(1)(A).

If you submit a petition for review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

U.S. Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, D.C. 20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov. Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation

for Merit Systems Protection Board appellants before the Federal Circuit. The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

**(2) Judicial or EEOC review of cases involving a claim of discrimination**. This option applies to you only if you have claimed that you were affected by an action that is appealable to the Board and that such action was based, in whole or in part, on unlawful discrimination. If so, you may obtain judicial review of this decision—including a disposition of your discrimination claims—by filing a civil action with an appropriate U.S. district court (*not* the U.S. Court of Appeals for the Federal Circuit), within **30 calendar days** after you receive this decision. 5 U.S.C. § 7703(b)(2); *see Perry v. Merit Systems Protection Board*, 582 U.S. 420 (2017). If you have a representative in this case, and your representative receives this decision before you do, then you must file with the district court no later than **30 calendar days** after your representative receives this decision. If the action involves a claim of discrimination based on race, color, religion, sex, national origin, or a disabling condition, you may be entitled to representation by a court-appointed lawyer and to waiver of any requirement of prepayment of fees, costs, or other security. *See* 42 U.S.C. § 2000e-5(f) and 29 U.S.C. § 794a.

Contact information for U.S. district courts can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

Alternatively, you may request review by the Equal Employment Opportunity Commission (EEOC) of your discrimination claims only, excluding all other issues. 5 U.S.C. § 7702(b)(1). You must file any such request with the EEOC's Office of Federal Operations within **30 calendar days** after you receive this decision. 5 U.S.C. § 7702(b)(1). If you have a representative in this case, and your representative receives this decision before you do, then you must file

with the EEOC no later than **30 calendar days** <u>after your representative receives</u> this decision.

If you submit a request for review to the EEOC by regular U.S. mail, the address of the EEOC is:

Office of Federal Operations
Equal Employment Opportunity Commission
P.O. Box 77960
Washington, D.C.  20013

If you submit a request for review to the EEOC via commercial delivery or by a method requiring a signature, it must be addressed to:

Office of Federal Operations
Equal Employment Opportunity Commission
131 M Street, N.E.
Suite 5SW12G
Washington, D.C.  20507

**(3) <u>Judicial review pursuant to the Whistleblower Protection Enhancement Act of 2012</u>**.  This option applies to you <u>only</u> if you have raised claims of reprisal for whistleblowing disclosures under 5 U.S.C. § 2302(b)(8) or other protected activities listed in 5 U.S.C. § 2302(b)(9)(A)(i), (B), (C), or (D). If so, and your judicial petition for review "raises no challenge to the Board's disposition of allegations of a prohibited personnel practice described in section 2302(b) other than practices described in section 2302(b)(8), or 2302(b)(9)(A)(i), (B), (C), or (D)," then you may file a petition for judicial review either with the U.S. Court of Appeals for the Federal Circuit or any court of appeals of competent jurisdiction.[5]  The court of appeals must <u>receive</u> your

---

[5]  The original statutory provision that provided for judicial review of certain whistleblower claims by any court of appeals of competent jurisdiction expired on December 27, 2017.  The All Circuit Review Act, signed into law by the President on July 7, 2018, permanently allows appellants to file petitions for judicial review of MSPB decisions in certain whistleblower reprisal cases with the U.S. Court of Appeals for the Federal Circuit or any other circuit court of appeals of competent jurisdiction. The All Circuit Review Act is retroactive to November 26, 2017.  Pub. L. No. 115-195, 132 Stat. 1510.

petition for review within **60 days** of the <u>date of issuance</u> of this decision. 5 U.S.C. § 7703(b)(1)(B).

If you submit a petition for judicial review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

> U.S. Court of Appeals
> for the Federal Circuit
> 717 Madison Place, N.W.
> Washington, D.C.  20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov.  Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit.  The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

Contact information for the courts of appeals can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

FOR THE BOARD:  _____
Gina K. Grippando
Clerk of the Board

Washington, D.C.