**UNITED STATES OF AMERICA**
**MERIT SYSTEMS PROTECTION BOARD**

| | |
|---|---|
| DARCY FIELDER,<br>　　　　　Appellant, | DOCKET NUMBER<br>DA-0752-24-0322-I-1 |
| v. | |
| DEPARTMENT OF STATE,<br>　　　　　Agency. | DATE:  April 28, 2026 |

# THIS FINAL ORDER IS NONPRECEDENTIAL[1]

Debra Reese-Jolly, New Orleans, Louisiana, for the appellant.

Marianne Perciaccante, Camille V'Estres, and David T. Newton, Esquire,
　　Washington, D.C., for the agency.

Gerard Eugene Riddick, Clarksburg, Maryland, for the agency.

### BEFORE

Henry J. Kerner, Vice Chairman
James J. Woodruff II, Member

### FINAL ORDER

The appellant has filed a petition for review of the initial decision, which dismissed her appeal alleging that she was forced to resign during her probationary period for lack of jurisdiction.  Generally, we grant petitions such as this one only in the following circumstances:  the initial decision contains

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law.  Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions.  In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law.  *See* 5 C.F.R. § 1201.117(c).

erroneous findings of material fact; the initial decision is based on an erroneous interpretation of statute or regulation or the erroneous application of the law to the facts of the case; the administrative judge's rulings during either the course of the appeal or the initial decision were not consistent with required procedures or involved an abuse of discretion, and the resulting error affected the outcome of the case; or new and material evidence or legal argument is available that, despite the petitioner's due diligence, was not available when the record closed. Title 5 of the Code of Federal Regulations, section 1201.115 (5 C.F.R. § 1201.115). After fully considering the filings in this appeal, we conclude that the petitioner has not established any basis under section 1201.115 for granting the petition for review. Therefore, we DENY the petition for review and AFFIRM the initial decision, which is now the Board's final decision. 5 C.F.R. § 1201.113(b).

The appellant does not dispute that she resigned from her position as a Passport Specialist approximately 9 months into the 1-year probationary period. Initial Appeal File (IAF), Tab 9 at 14, 66. However, on review the appellant argues, among other things, that she has over 1 year of Federal service because she previously worked for the agency as a Political Assistant for a period of 10 months at the U.S. Embassy in Ghana.[2] Petition for Review (PFR) File, Tab 1 at 4.

To qualify as an "employee" with appeal rights under chapter 75, an individual in the competitive service, like the appellant, must show that she either is not serving a probationary or trial period under an initial appointment or has

---

[2] In her initial appeal, the appellant claimed to have 1 year and 8 months of Federal service. IAF, Tab 1 at 1. The administrative judge provided the appellant with notice of her jurisdictional burden, including the standard for tacking on prior service, and provided her with an opportunity to present evidence and argument establishing jurisdiction. IAF, Tab 3. Nevertheless, the appellant did not raise the issue of prior service in her response to the administrative judge's jurisdictional order, nor did she otherwise allege before the administrative judge that she had previously worked for 10 months for the agency as a Political Assistant at the U.S. Embassy in Ghana. IAF, Tabs 12-13.

completed 1 year of "current continuous service" under an appointment other than a temporary one limited to a year or less. 5 U.S.C. § 7511(a)(1)(A); *see McCormick v. Department of the Air Force*, 307 F.3d 1339, 1341 (Fed. Cir. 2002). An individual in the competitive service who has not served a full year under her appointment can show that she has completed the probationary period, and is no longer a probationer, by "tacking on" prior service if she can show the prior service meets four conditions: (1) the prior service was rendered immediately preceding the probationary appointment; (2) the prior service was performed in the same agency; (3) the prior service was in the same line of work; and (4) the prior service was completed with no more than one break in service of less than 30 days. *Niemi v. Department of the Interior*, 114 M.S.P.R. 143, ¶ 10 (2010); 5 C.F.R. § 315.802(b) (2024).[3]

The appellant has not alleged sufficient facts to establish that her prior service can be "tacked on" to complete her probationary period. The appellant has provided no information regarding whether her prior service was completed immediately preceding the probationary appointment, if the prior service was in the same line of work,[4] or if it was completed with no more than one break of service of less than 30 days. Absent more, the appellant's conclusory assertion that she previously worked for the same agency does not establish that she completed her probationary period and met the definition of an employee under chapter 75. *See* 5 C.F.R. § 1201.56(b)(2)(i)(A) (stating that it is the appellant's burden to prove that the Board has jurisdiction over her appeal).

---

[3] Effective June 24, 2025—after the appellant's resignation—the Office of Personnel Management rescinded subpart H of part 315 of Title 5 of the Code of Federal Regulations pursuant to Executive Order No. 14284. Strengthening Probationary Periods in the Federal Service, 90 Fed. Reg. 26727-01 (June 24, 2025).

[4] Although it is unlikely that Political Assistant and Passport Specialist are in the same line of work, the appellant does not explain with specificity the nature of her work as a Political Assistant.

Accordingly, we agree with the administrative judge that the appellant did not establish that she has statutory appeal rights. IAF, Tab 14, Initial Decision (ID) at 4-5. Additionally, the appellant does not dispute the administrative judge's finding that she did not establish that she had a regulatory right to appeal to the Board, as she does not allege that her termination was based on marital status discrimination, partisan political reasons, or conditions arising before her appointment. ID at 5. Therefore, the Board lacks jurisdiction over the appeal.[5]

## NOTICE OF APPEAL RIGHTS[6]

You may obtain review of this final decision. 5 U.S.C. § 7703(a)(1). By statute, the nature of your claims determines the time limit for seeking such review and the appropriate forum with which to file. 5 U.S.C. § 7703(b). Although we offer the following summary of available appeal rights, the Merit Systems Protection Board does not provide legal advice on which option is most appropriate for your situation and the rights described below do not represent a statement of how courts will rule regarding which cases fall within their jurisdiction. If you wish to seek review of this final decision, you should immediately review the law applicable to your claims and carefully follow all filing time limits and requirements. Failure to file within the applicable time limit may result in the dismissal of your case by your chosen forum.

Please read carefully each of the three main possible choices of review below to decide which one applies to your particular case. If you have questions

---

[5] Regarding the appellant's arguments that she was bullied and intimidated by her supervisors into resigning, it is well settled that the Board lacks jurisdiction over such claims in absence of an otherwise appealable action. *See, e.g.*, *Davis v. Department of Defense*, 105 M.S.P.R. 604, ¶ 16 (2007) (absent an otherwise appealable action, the Board cannot consider a prohibited personnel practice claim); *Wren v. Department of the Army*, 2 M.S.P.R. 1, 2 (1980) (prohibited personnel practices are not an independent source of jurisdiction), *aff'd*, 681 F.2d 867, 871–73 (D.C. Cir. 1982).

[6] Since the issuance of the initial decision in this matter, the Board may have updated the notice of review rights included in final decisions. As indicated in the notice, the Board cannot advise which option is most appropriate in any matter.

about whether a particular forum is the appropriate one to review your case, you should contact that forum for more information.

(1) **Judicial review in general**. As a general rule, an appellant seeking judicial review of a final Board order must file a petition for review with the U.S. Court of Appeals for the Federal Circuit, which must be received by the court within **60 calendar days** of the date of issuance of this decision. 5 U.S.C. § 7703(b)(1)(A).

If you submit a petition for review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

U.S. Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, D.C. 20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov. Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit. The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

(2) **Judicial or EEOC review of cases involving a claim of discrimination**. This option applies to you only if you have claimed that you were affected by an action that is appealable to the Board and that such action was based, in whole or in part, on unlawful discrimination. If so, you may obtain

judicial review of this decision—including a disposition of your discrimination claims—by filing a civil action with an appropriate U.S. district court (*not* the U.S. Court of Appeals for the Federal Circuit), within **30 calendar days** after you receive this decision. 5 U.S.C. § 7703(b)(2); *see Perry v. Merit Systems Protection Board*, 582 U.S. 420 (2017). If you have a representative in this case, and your representative receives this decision before you do, then you must file with the district court no later than **30 calendar days** after your representative receives this decision. If the action involves a claim of discrimination based on race, color, religion, sex, national origin, or a disabling condition, you may be entitled to representation by a court-appointed lawyer and to waiver of any requirement of prepayment of fees, costs, or other security. *See* 42 U.S.C. § 2000e-5(f) and 29 U.S.C. § 794a.

Contact information for U.S. district courts can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

Alternatively, you may request review by the Equal Employment Opportunity Commission (EEOC) of your discrimination claims only, excluding all other issues. 5 U.S.C. § 7702(b)(1). You must file any such request with the EEOC's Office of Federal Operations within **30 calendar days** after you receive this decision. 5 U.S.C. § 7702(b)(1). If you have a representative in this case, and your representative receives this decision before you do, then you must file with the EEOC no later than **30 calendar days** after your representative receives this decision.

If you submit a request for review to the EEOC by regular U.S. mail, the address of the EEOC is:

Office of Federal Operations
Equal Employment Opportunity Commission
P.O. Box 77960
Washington, D.C.  20013

If you submit a request for review to the EEOC via commercial delivery or by a method requiring a signature, it must be addressed to:

Office of Federal Operations
Equal Employment Opportunity Commission
131 M Street, N.E.
Suite 5SW12G
Washington, D.C.  20507

**(3) <u>Judicial review pursuant to the Whistleblower Protection Enhancement Act of 2012</u>**.  This option applies to you <u>only</u> if you have raised claims of reprisal for whistleblowing disclosures under 5 U.S.C. § 2302(b)(8) or other protected activities listed in 5 U.S.C. § 2302(b)(9)(A)(i), (B), (C), or (D). If so, and your judicial petition for review "raises no challenge to the Board's disposition of allegations of a prohibited personnel practice described in section 2302(b) other than practices described in section 2302(b)(8), or 2302(b)(9)(A)(i), (B), (C), or (D)," then you may file a petition for judicial review either with the U.S. Court of Appeals for the Federal Circuit or any court of appeals of competent jurisdiction.[7]  The court of appeals must <u>receive</u> your petition for review within **60 days** of the <u>date of issuance</u> of this decision. 5 U.S.C. § 7703(b)(1)(B).

---

[7] The original statutory provision that provided for judicial review of certain whistleblower claims by any court of appeals of competent jurisdiction expired on December 27, 2017.  The All Circuit Review Act, signed into law by the President on July 7, 2018, permanently allows appellants to file petitions for judicial review of MSPB decisions in certain whistleblower reprisal cases with the U.S. Court of Appeals for the Federal Circuit or any other circuit court of appeals of competent jurisdiction. The All Circuit Review Act is retroactive to November 26, 2017.  Pub. L. No. 115-195, 132 Stat. 1510.

If you submit a petition for judicial review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

U.S. Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, D.C. 20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov. Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit. The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

Contact information for the courts of appeals can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

FOR THE BOARD:

_____

*Gina K. Grippando*

Gina K. Grippando
Clerk of the Board

Washington, D.C.